STATE of Wisconsin, Plaintiff-Respondent,

v.

Courtney E. SOBONYA, Defendant-Appellant.

Court of Appeals

*No. 2014AP2392–CR. Submitted on briefs August 12, 2015.
—Decided October 21, 2015.*

2015 WI App 86

(Also reported in 872 N.W.2d 134.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of *Law Office of Matthew S. Pinix, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *Brad D. Schimel*, attorney general

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. Courtney Sobonya requested expungement of her criminal record at her sentencing for possession of heroin. The trial court denied her request on the ground that granting expungement would undermine the deterrent effect of the court's sentence. Sobonya thereafter retained an expert who opined that granting expungement would not undermine the deterrent effect of the court's sentence and offered his report as a "new factor" relevant to the court's decision on expungement. The trial court accepted the expert's postsentencing report as a "new factor" but nonetheless denied sentence modification. We agree with the court's ultimate decision. We write to clarify that a contrary opinion, particularly one that centers on a matter relating to the objectives of sentencing (protection, punishment, rehabilitation, and deterrence),[1] is not a "new factor" for purposes of sentence modification.

---

[1] *See State v. Gallion*, 2004 WI 42, ¶ 40, 270 Wis. 2d 535, 678 N.W.2d 197.

## BACKGROUND

¶ 2.  Sobonya was twenty-three years old when she was charged with five drug-related crimes, including possession of heroin in violation of Wis. Stat. § 961.41(3g)(am) (2013–14).[2] Sobonya pled guilty to heroin possession, and the remaining charges were dismissed and read in for sentencing purposes. At the plea and sentencing hearing, the court placed Sobonya on probation for two years and denied Sobonya's request that her record be expunged upon successful completion of her sentence pursuant to Wis. Stat. § 973.015. The court found that while Sobonya would benefit from expungement, society would be harmed by it. The court reasoned that Sobonya's conviction for possession of heroin would send a message of deterrence to the community that would be undermined if her record were expunged.

¶ 3.  Following sentencing, Sobonya engaged a sociology professor to prepare a report "analyzing the current state of the social science and criminological literature as it relates to the circuit court's stated reasons for denying" Sobonya's request for expungement. The report concluded that "the relevant research shows that the public interest and public safety are best served by lowering barriers to reintegration and granting Ms. Sobonya, a special disposition— expungement—upon the completion of her sentence." Sobonya moved for sentence modification on the basis that the postsentencing report constituted a new factor related to the court's denial of her expungement request. The court concluded that the report was a "new factor" but denied Sobonya's motion. Sobonya appeals.

---

[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

## STANDARD OF REVIEW

¶ 4. Whether a defendant has presented facts or a set of facts that constitute a "new factor" is a question of law that we decide independently of the trial court. *State v. Harbor*, 2011 WI 28, ¶ 33, 333 Wis. 2d 53, 797 N.W.2d 828. Whether a new factor justifies sentence modification is a matter for the trial court that we review for an erroneous exercise of discretion. *Id.*

## DISCUSSION

¶ 5. We afford substantial deference to a trial court in its sentencing decisions. *State v. Bizzle*, 222 Wis. 2d 100, 105, 585 N.W.2d 899 (Ct. App. 1998). This is for good reason: that court is in a superior position to observe the demeanor of the defendant, weigh the available evidence, and consider the relevant factors. *Id.* The trial court also possesses the inherent authority to modify criminal sentences. *Harbor*, 333 Wis. 2d 53, ¶ 35. This authority is limited to certain circumstances, however, including when the defendant has shown the existence of a "new factor." *Id.*

¶ 6. Here, Sobonya brings her challenge as one for a "new factor" warranting sentence modification. A "new factor" in the context of sentence modification "refers to a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288,

234 N.W.2d 69 (1975). Sobonya argues that her post-sentencing report constitutes a new factor as the report did not exist at the time of sentencing, its underlying research was unknowingly overlooked by the parties at sentencing, and it is highly relevant because it directly contradicts the court's belief that granting expungement would harm society. We are not persuaded.

¶ 7. The postsentencing report is not a "fact or set of facts" that were not in existence or unknowingly overlooked by the parties at the time of sentencing; the postsentencing report is an expert's opinion based on previously known or knowable facts. *Cf. State v. Grindemann*, 2002 WI App 106, ¶ 25, 255 Wis. 2d 632, 648 N.W.2d 507. The report simply offers an opinion that is not shared by the trial court and that the court was entitled to accept or disregard as it deemed appropriate. *See State v. Slagoski*, 2001 WI App 112, ¶¶ 9, 11, 244 Wis. 2d 49, 629 N.W.2d 50.

██ ██

¶ 8. Although raised as a motion for sentence modification based on a "new factor," Sobonya's challenge is better characterized as a motion for reconsideration. By attacking the trial court's belief that her conviction could serve as a deterrent to others, Sobonya attacks the heart of the substantial deference we grant a trial court to craft sentences based on the facts of each individual case. *See McCleary v. State*, 49 Wis. 2d 263, 275, 281, 182 N.W.2d 512 (1971). Deterrence to others has been recognized as a legitimate objective for a trial court to consider and articulate as part of its sentencing decision, *see State v. Gallion*, 2004 WI 42, ¶ 40, 270 Wis. 2d 535, 678 N.W.2d 197, especially given that the legislature requires that the court find that "society will not be harmed" by the

expungement of a criminal record before exercising its discretion under Wɪs. Sᴛᴀᴛ. § 973.015(1m)(a)1., *see Hilber v. State*, 89 Wis. 2d 49, 56 & n.9, 277 N.W.2d 839 (1979).

> [A]ll an appellate court can ask of a trial judge is that he [or she] state the facts on which he [or she] predicates his [or her] judgment, and that he [or she] give the reasons for his [or her] conclusion. If the facts are fairly inferable from the record, and the reasons indicate the consideration of legally relevant factors, the sentence should ordinarily be affirmed.

*McCleary*, 49 Wis. 2d at 281. A postsentencing report that expresses an opinion different from that of the trial court regarding the objectives of sentencing (protection, punishment, rehabilitation, and deterrence) is nothing more than a challenge to the trial court's discretion and does not constitute a "new factor" for sentence modification purposes.[3]

*By the Court.*—Judgment and order affirmed.

¶ 9. NEUBAUER, C.J. (*concurring*). I agree with the majority that Sobonya has failed to establish the existence of a new factor by clear and convincing evidence. Even though the report was not in existence, the social science and criminological literature cited all date from 1948 to 2011. *See State v. Ninham*, 2011 WI 33, ¶ 91, 333 Wis. 2d 335, 797 N.W.2d 451 (supreme court rejected new factor arguments based on adolescent brain research because, even though the studies proffered might not have been in existence, "the conclusions reached by the studies were already in exis-

---

[3] As we find that Sobonya did not present a "new factor," we need not determine whether the court properly exercised its discretion in denying sentence modification. *State v. Harbor*, 2011 WI 28, ¶ 38, 333 Wis. 2d 53, 797 N.W.2d 828.

tence and well reported by the time [the defendant] was sentenced in 2000"); *State v. McDermott*, 2012 WI App 14, ¶¶ 16–22, 339 Wis. 2d 316, 810 N.W.2d 237 (same). As importantly, the judge noted that he was aware of research on sentencing and deterrence, and that the report's conclusions were not highly relevant to the decision to deny expungement. The court was charged with an individualized determination and was not obligated to accept the report's conclusions, including as applied to Soboyna.