**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 12, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP812-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2001CF58**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JAMES F. FOOTE,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: ELLEN K. BERZ, Judge.  *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  James Foote, pro se, appeals a circuit court order denying his motion for sentence modification without an evidentiary hearing.  He

argues that there are new factors justifying sentence modification. He also argues that the court sentenced him based on inaccurate information and that his sentence is unduly harsh and unconscionable. We conclude that Foote fails to show the existence of a new factor and that his remaining arguments are procedurally barred. Accordingly, we affirm.

¶2 Foote was convicted of attempted first-degree intentional homicide and first-degree reckless injury in 2001, based on his involvement in an incident that left the victim "close to a vegetative state" with no prospect for recovery. The circuit court sentenced Foote to sixty years of imprisonment consisting of forty years of initial confinement and twenty years of extended supervision.

¶3 In 2004, we summarily affirmed the judgment of conviction in a no-merit appeal. *See **State v. Foote***, No. 2002AP2478-CRNM, unpublished op. and order (WI App Jan. 21, 2004). Foote then filed a postconviction motion pursuant to WIS. STAT. § 974.06 (2021-22).[1] The circuit court denied the motion, and we affirmed on appeal. *See **State v. Foote***, No. 2004AP3283, unpublished op. and order (WI App Oct. 19, 2005). Subsequently, Foote filed the motion for sentence modification at issue here.

¶4 As a threshold matter, Foote argues that the circuit court erred by adopting the State's brief as its reasoning, without providing any independent reasoning of its own in denying his motion. The State responds that the court's adoption of its brief, if error, is harmless in this instance. We agree with the State. This type of error is harmless when, as here, we are in a position to review the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

defendant's claims de novo. *See **State v. Lock***, 2013 WI App 80, ¶12, 348 Wis. 2d 334, 833 N.W.2d 189; ***State v. McDermott***, 2012 WI App 14, ¶9 n.2, 339 Wis. 2d 316, 810 N.W.2d 237. We turn to address Foote's claims.

¶5 Foote first claims that there are new factors justifying sentence modification. "A new-factor analysis is a two-step process: (1) is there a 'new factor,' and, if so, (2) does the 'new factor' justify modification of the defendant's sentence?" ***McDermott***, 339 Wis. 2d 316, ¶9. Under the first part of this test, the defendant has the burden to demonstrate the existence of a new factor by clear and convincing evidence. ***Id.*** We review de novo whether the defendant has met that burden. ***Id.*** Under the second part of the test, if the defendant has shown the existence of a new factor, whether the new factor justifies sentence modification is a discretionary determination by the circuit court. ***Id.*** Here, we conclude that Foote has not established the existence of any new factor.

¶6 The definition of a new factor is set forth in case law. It is "'a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.'" ***State v. Harbor***, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (quoted source omitted).

¶7 Foote argues that the following circumstances constitute a new factor: (1) at about age ten he was exposed to a hate crime involving a cross burning; (2) at about age sixteen, he witnessed the brutal stabbing of his mother by his father; (3) at age eighteen, he was the victim of a violent crime in which he was beaten with a baseball bat; and (4) he grew up in low-income neighborhoods in which he was frequently exposed to drug and alcohol abuse, bullying,

intimidation, and discrimination. He argues that these circumstances were highly relevant to the imposition of sentence but not considered by the sentencing court.

¶8 We conclude that Foote's new-factor argument fails because none of the alleged circumstances are new. Rather, all of these circumstances were in existence when he was sentenced, at age thirty, and would have been known to him at that time. *See State v. Crockett*, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 (concluding that no new factor existed when the defendant was aware of the relevant facts, even if the sentencing court may have "unknowingly overlooked" those facts).

¶9 Foote also appears to argue that an expert report prepared in 2020 is a new factor. The report, although new, is not a new factor because it is based on the same previously known circumstances. *See State v. Sobonya*, 2015 WI App 86, ¶7, 365 Wis. 2d 559, 872 N.W.2d 134 (concluding that an expert's opinion based on previously known or knowable facts was not a new factor).

¶10 Construing Foote's briefing liberally, it appears that he may also be arguing his rehabilitation in prison is a new factor. We reject this argument because "courts of this state have repeatedly held that rehabilitation is not a 'new factor' for purposes of sentence modification." *State v. Kluck*, 210 Wis. 2d 1, 7, 563 N.W.2d 468 (1997).

¶11 Foote next claims that the circuit court sentenced him based on inaccurate information. He argues that the court incorrectly found that he grew up in a productive, intact, and functional home life and environment, and that the court relied on this inaccurate information in making a negative assessment of his character.

¶12     We conclude that Foote's claim that he was sentenced based on inaccurate information is procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).  Under *Escalona-Naranjo*, a defendant may not raise a claim in a successive postconviction motion if the claim could have been raised in a previous postconviction motion or appeal, unless the defendant demonstrates a "sufficient reason" for failing to raise the claim previously.  *See id.* at 185-86.   Here, Foote had a previous no-merit appeal and a previous postconviction motion under WIS. STAT. § 974.06, and he has not provided a sufficient reason for failing to raise his claim previously.

¶13     Foote next claims that his sentence was unduly harsh and unconscionable.  This claim is also procedurally barred, but for a different reason. The issue of whether Foote's sentence was unduly harsh and unconscionable was addressed in Foote's no-merit appeal and, therefore, may not be relitigated in a subsequent postconviction proceeding.  *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").[2]

¶14     Finally, Foote argues that, even if his alleged claims do not individually justify sentencing relief, they "collectively" do.  We reject this argument because Foote provides no authority to support it, and because we see no basis to conclude that the individual claims have any cumulative effect that would justify sentencing relief.

---

[2] We concluded in the no-merit appeal that Foote's sentence "is not excessive, under any reasonable view, for crimes that effectively ended the victim's life."  *State v. Foote*, No. 2002AP2478-CRNM, unpublished op. and order at 4 (WI App Jan. 21, 2004).

¶15    In sum, for the reasons stated above, we affirm the circuit court's order denying Foote's motion for sentence modification.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.