COURT OF APPEALS
DECISION
DATED AND FILED

October 17, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1491-CR**

Cir. Ct. No. **1997CF975408**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JERRY JARMON,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Jerry Jarmon appeals from an order of the circuit court denying his motion for sentence modification. Jarmon argues that his

postsentencing mental illness diagnosis constitutes a new factor for sentence modification purposes. We disagree and affirm.

## BACKGROUND

¶2      Jarmon was convicted of first-degree intentional homicide for the 1997 shooting death of his girlfriend. Prior to trial, Jarmon was admitted to Mendota Mental Health Institute in March 1998 for an evaluation of his competency to stand trial. He was found competent in December 1998. Jarmon then changed his plea to not guilty by reason of mental disease or defect. After a psychiatric evaluation relating to that plea, he was found to have been legally sane at the time of the offense.

¶3      However, questions about Jarmon's competency arose again, and in March 1999 it was recommended that he be returned to Mendota for further evaluation. A report in September 1999 found that Jarmon was "malingering" and "intentionally exaggerating his lack of understanding and dysfunction." He was subsequently found by the circuit court to be competent to stand trial.

¶4      A jury found Jarmon guilty of first-degree intentional homicide in December 1999. The circuit court imposed a life sentence, and set his parole eligibility for January 2060.

¶5      Jarmon filed the motion for sentence modification underlying this appeal in April 2022. Jarmon argued that soon after he was sentenced, he was diagnosed with schizophrenia, and that this severe mental illness should have been a mitigating factor considered by the circuit court when it imposed sentence because it diminished his culpability for the offense. Jarmon engaged an expert to review his pre- and postsentencing psychiatric records, who opined that it was "highly

likely" that he was suffering from psychosis at the time of his sentencing. He therefore contended that this information constituted a new factor warranting sentence modification.

¶6      The circuit court rejected his arguments. The court pointed out that Jarmon's claim that his postsentence diagnosis is a new factor is based on an expert opinion that relied on "an understanding of [Jarmon]'s symptoms, which were known to the parties and the court at the ti[m]e of sentencing."[1] The court noted that Jarmon had "numerous" mental health evaluations throughout the proceedings which documented his symptoms and diagnoses, and that his mental health history was addressed in his presentence investigation report. As such, the court found that this information was in existence and known at the time of sentencing, and therefore, was not a new factor. Instead, the court found that his postsentence diagnosis was "nothing more than yet another expert opinion, based on the same psychiatric symptoms, as to the exact label to apply to [Jarmon]'s known mental health issues."

¶7      Furthermore, the circuit court found that even if the opinion of Jarmon's expert could be considered a new factor, it did not warrant sentence modification. The court stated that the specific diagnosis made postsentencing "would not have materially altered the court's assessment of the relevant sentencing factors," such as the gravity of the offense, which the court found to be "of the

---

[1] In its decision denying Jarmon's motion for sentence modification, the circuit court—specifically, the Honorable Jeffrey A. Wagner, who sentenced Jarmon and heard his motion for sentence modification—noted that Jarmon "[sought] to attribute an apparent finding of 'malingering,'" made by the Honorable Bonnie L. Gordon at a competency hearing in October 1999, to Judge Wagner's sentencing determination. Judge Wagner observed that Judge Gordon's finding at the competency hearing was "limited to [Jarmon]'s capacity to understand the nature of the proceedings and assist in his defense *on that date*, not with respect to his mental health or culpability at the time of the offense." Judge Wagner further stated that when he sentenced Jarmon, he was "well-aware of [Jarmon]'s history of mental health treatment" and "accepted the representation" by both the State and defense counsel that Jarmon had "extreme mental health needs."

severest nature," based on the number of shots fired at the victim and the close range of some of those shots—including one where the gun was "pressed to her head." The court also considered "the strong need for punishment and community protection" when it fashioned Jarmon's sentence, and stated that Jarmon's parole eligibility determination "would have been no different." It, therefore, denied Jarmon's motion for sentence modification. Jarmon appeals.

## DISCUSSION

¶8      For sentence modification purposes, a new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties." *State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted). To prevail, a defendant must satisfy a two-prong test that requires the defendant to: (1) demonstrate by clear and convincing evidence that a new factor exists; and (2) show that the alleged new factor justifies sentence modification. *See id.*, ¶¶36-38. The court may consider either prong first, and if a defendant fails to satisfy one prong of the new factor test, the court need not address the other. *See id.*, ¶38. Whether a fact or set of facts constitutes a new factor is a question of law that this court considers *de novo*, but we review the circuit court's determination of whether a new factor warrants sentence modification for an erroneous exercise of discretion. *Id.*, ¶33.

¶9      Jarmon argues that his schizophrenia diagnosis after sentencing constitutes a new factor. However, this court has previously concluded that "the existence of a contradictory psychiatric report" is not a new factor. *See State v. Slagoski*, 2001 WI App 112, ¶11, 244 Wis. 2d 49, 629 N.W.2d 50. Rather, a

postconviction psychiatric report that "contradict[s] other reports in the record …
simply establishes that mental health professionals will sometimes disagree on
matters of diagnosis and treatment." *Id.* Furthermore, given that the report by
Jarmon's expert was based in part on his presentence psychiatric records, which
were "previously known or knowable facts," the new report is "nothing more than
the newly discovered importance of existing evidence," not a new factor for
purposes of sentence modification. *See State v. Grindemann*, 2002 WI App 106,
¶25, 255 Wis. 2d 632, 648 N.W.2d 507 (citation and some quotation marks omitted).

¶10   Furthermore, Jarmon's argument that his diagnosis should have been
considered a mitigating factor at sentencing is actually a challenge to the circuit
court's discretion, and does not demonstrate a new factor. *See State v. Sobonya*,
2015 WI App 86, ¶8, 365 Wis. 2d 559, 872 N.W.2d 134 ("A postsentencing report
that expresses an opinion different from that of the [circuit] court regarding the
objectives of sentencing (protection, punishment, rehabilitation, and deterrence) is
nothing more than a challenge to the [circuit] court's discretion and does not
constitute a 'new factor' for sentence modification purposes.").

¶11   Moreover, even if the new expert opinion of Jarmon's mental health
did constitute a new factor, the circuit court did not erroneously exercise its
discretion in finding that it did not warrant sentence modification. We will not
disturb a discretionary decision by the circuit court regarding sentence modification
if the court "[m]ade no error of law," and if it "explained its reason for concluding
that the facts … presented did not justify modification" of the defendant's sentence.
*Harbor*, 333 Wis. 2d 53, ¶63.

¶12   As the circuit court explained in its decision denying Jarmon's motion
for sentence modification, the new expert opinion "would not have materially

altered" the court's assessment of the relevant factors that it considered at sentencing and gave the greatest weight to, namely, the "severity of the offense and the strong need for punishment and community protection." In fact, the court specifically stated that it had found the concerns relating to Jarmon's mental health issues "were outweighed by the needs of the community and the seriousness of the offense as set forth on the record at sentencing."

¶13 It is firmly within the circuit court's discretion to determine the weight given to relevant factors when imposing sentence. *See* ***State v. Odom***, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695. Furthermore, a reviewing court may consider the circuit court's explanation of the sentence it imposed in its decision regarding a motion challenging the sentence. *See* ***State v. Alexander***, 2015 WI 6, ¶34, 360 Wis. 2d 292, 858 N.W.2d 662. We conclude the circuit court made no error of law and provided sound reasoning to support its determination that sentence modification was not warranted and, as such, it properly exercised its discretion. *See* ***Harbor***, 333 Wis. 2d 53, ¶63.

¶14 In short, Jarmon has not satisfied either prong of the ***Harbor*** test. *See id.*, ¶¶36-38. Accordingly, we affirm the circuit court's denial of his motion for sentence modification.

*By the* Court.—Order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5. (2021-22).