COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1423-CR**

Cir. Ct. No. 2018CF1340

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JESSE J. ZELLMER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Jesse J. Zellmer appeals from a circuit court order denying his WIS. STAT. § 809.30 (2021-22)[1] postconviction motion for resentencing or, in the alternative, sentence modification.  Zellmer argues that the circuit court relied on inaccurate information at sentencing and that there exists a new factor that warrants modifying his sentence.  We summarily affirm the order.

## I.  BACKGROUND

¶2     Zellmer was charged with two counts of hit and run causing great bodily harm, and two counts of intoxicated use of a motor vehicle causing great bodily harm after he crashed his pickup truck into another vehicle, causing severe injuries to the driver and passenger, and then left the scene.  The police located Zellmer's damaged pickup truck, along with Zellmer sleeping on a couch, by following a trail of vehicle fluid starting at the crash scene and ending on the driveway of Zellmer's mother's house.  Test results from a blood draw performed two hours after the crash showed that Zellmer had a blood alcohol concentration of .324.

¶3     Zellmer entered pleas of no contest to one count of hit and run causing great bodily harm and one count of intoxicated use of a motor vehicle causing great bodily harm.  At sentencing, the court considered details from the accident reconstruction report, the victim's statements about the violent crash sounding "like a bomb going off" and Zellmer's leaving the scene without stopping after the crash, and the fact that Zellmer told police that night that "he must have hit a deer or something."  The sentencing court was informed by defense counsel that Zellmer's medical records showed he suffered a concussion in the crash and that the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

"concussion could have impacted his memory issues as well and may have been some explanation for his disoriented behavior with the police and the statement about hitting a deer." The court imposed consecutive sentences totaling nine years of initial confinement and four years of extended supervision. It considered Zellmer's high intoxication level and the fact that he left the scene as aggravating factors at sentencing.

¶4 Zellmer moved for postconviction relief, pursuing claims for resentencing or sentence modification based on a 2022 clinical neuropsychologist's report (the report) opining that the concussion Zellmer sustained in the crash made him physically incapable of stopping.[2] In other words, the report opined that the fact that Zellmer sustained a concussion meant that he did not voluntarily leave the scene of the crash. Thus, Zellmer argued, the sentencing court relied on inaccurate information when faulting Zellmer for leaving the victims at the crash scene. In the alternative, Zellmer argued, the report constitutes a new factor entitling him to sentence modification.

¶5 The postconviction court denied the motions in an oral ruling. As to "whether or not the [sentencing] judge had complete and accurate information at the time of sentencing," the postconviction court concluded that accurate information was presented at sentencing about the concussion, and that the sentencing court "considered all of that information when he passed sentence." As to whether the report constituted a new factor for sentence modification purposes, the postconviction court concluded that the report did not satisfy the requirements

---

[2] Zellmer also sought plea withdrawal in his postconviction motion. Zellmer later abandoned all plea withdrawal claims. He did so out of concern that he could face more severe charges if recharged because the passenger in the vehicle Zellmer hit had recently died after succumbing to the injuries he sustained in the crash. The plea claims are not involved in this appeal.

because the opinion "appears to completely ignore a significant blood alcohol concentration ... and focuses solely on the head injury." Having noted all of the other acts that Zellmer was capable of after sustaining the concussion in the crash, the postconviction court "discount[ed] the credibility of the significance of that so-called new evidence." Zellmer appeals.

## II. DISCUSSION

¶6     Zellmer first argues that he is entitled to resentencing because the sentencing court relied on inaccurate information in concluding that Zellmer voluntarily left the scene immediately after causing the crash. Zellmer contends that this "new information [the report] deems the previous beliefs and opinions of the sentencing court inaccurate and to sustain the current sentence would be to run afoul with the Due Process Clause."

¶7     A defendant has a constitutionally protected due process right to be sentenced upon accurate information. *State v. Johnson*, 158 Wis. 2d 458, 468, 463 N.W.2d 352 (Ct. App. 1990). Whether a defendant has been denied this due process right is a constitutional issue that an appellate court reviews de novo. *State v. Coolidge*, 173 Wis. 2d 783, 789, 496 N.W.2d 701 (Ct. App. 1993).

¶8     To summarize, Zellmer claims that the sentencing court relied on inaccurate information in determining that "it was not possible for Mr. Zellmer to be unaware he hit the rear end of a vehicle that night or mistook it for hitting an animal like a deer, but the evidence presented in the form of the medical opinion of [the report] demonstrates there was another reasonable explanation for his conduct." A defendant who seeks resentencing based on the circuit court's use of inaccurate information must show both that the information was inaccurate and that the circuit court actually relied on the inaccuracy in the sentencing. *State v. Tiepelman*, 2006

4

WI 66, ¶26, 291 Wis. 2d 179, 717 N.W.2d 1.  Proving inaccuracy is a threshold question: "A defendant 'cannot show actual reliance on inaccurate information if the information is accurate.'" *State v. Travis*, 2013 WI 38, ¶22, 347 Wis. 2d 142, 832 N.W.2d 491 (citation omitted).

¶9      Zellmer's claim that he was sentenced on inaccurate information is premised on the circuit court accepting the opinions in the report about Zellmer's concussion and its impact on his culpability.  However, the court "was entitled to accept or disregard this information as it deemed appropriate." *State v. Slagoski*, 2001 WI App 112, ¶9, 244 Wis. 2d 49, 629 N.W.2d 50, *overruled in part on other grounds by State v. Harbor*, 2011 WI 28, ¶¶40, 57, 333 Wis. 2d 53, 797 N.W.2d 828.  As discussed, the court chose to disregard the report because it failed to address Zellmer's extreme intoxication, focusing only on the head injury.  As a result, the court "discount[ed] the credibility of the significance of that so-called new evidence."  We are therefore unpersuaded that Zellmer has demonstrated any inaccuracies entitling him to resentencing.

¶10     Zellmer also argues that the report is a new factor entitling him to sentence modification.  A new factor is a fact or set of facts that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975); *see also Harbor*, 333 Wis. 2d 53, ¶¶31, 49-50.  The defendant must demonstrate the existence of a new factor by clear and convincing evidence. *Harbor*, 333 Wis. 2d 53, ¶36.  Whether a fact or set of facts is a "new factor" is a question of law. *Id.*  If the circuit court determines that a new factor exists, the court determines, in its exercise of discretion, whether modification of the sentence is warranted. *Id.*, ¶37.

¶11     We agree with the circuit court in its denial of the postconviction motion based on its conclusion that the report is not a new factor. By its very nature as an attempt to explain Zellmer's behavior in leaving the scene on the date of the crash, the report, created well after sentencing, is necessarily based on facts about Zellmer that existed well before sentencing. That is, the "report is not a 'fact or set of facts' that were not in existence or unknowingly overlooked by the parties at the time of sentencing;" it is simply "an expert's opinion based on previously known or knowable facts."[3] *See* **State v. Sobonya**, 2015 WI App 86, ¶7, 365 Wis. 2d 559, 872 N.W.2d 134 (citation omitted). Because the report does not constitute a new factor, Zellmer is not entitled to sentence modification on this basis.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] We further observe that the sentencing court was well aware of the concussion and of defense counsel's opinion that it may have contributed to Zellmer's misperceptions following the crash, meaning that the opinion offered in the report was not new information because it had already been offered to the court in a different format.