STATE of Wisconsin, Plaintiff-Respondent,

v.

Andre D. CROCKETT, Defendant-Appellant.†

Court of Appeals

*No. 00–3053. Submitted on briefs May 4, 2001.—Decided September 6, 2001.*

2001 WI App 235

(Also reported in 635 N.W.2d 673.)

† Petition to review denied 11-27-01.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David D. Cook*, Monroe.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

Before Dykman, Roggensack and Lundsten, JJ.

¶ 1. DYKMAN, J. Andre D. Crockett appeals from an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (1997–98),[1] or in the alternative, for resentencing or sentence modification

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

under the court's inherent authority. Although Crockett provides no sufficient reason for failing to assert the due process claim in one of his previous postconviction motions, he contends that the claim is not waived because the State failed to argue waiver in the trial court. We conclude that the State's failure to argue waiver does not prohibit this court from considering it on appeal and that *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), precludes Crockett's claim under § 974.06. We further conclude that Crockett's request for resentencing because his sentence was unduly harsh has already been adjudicated and that there are no new factors which justify modifying Crockett's sentence. We therefore affirm.

## I. Background

¶ 2. In October 1993, Crockett was involved in a car chase in which Crockett and several others riding in the vehicle with him took turns shooting at a pick up truck as they were pursuing it. Crockett and four others in the car were arrested and charged. Pursuant to a plea agreement, Crockett pleaded guilty to six counts of being party to reckless endangerment while armed, contrary to Wis. Stat. §§ 941.30(1) and 939.63(1)(a)(3) (1991–92), and to one count of bail jumping, contrary to Wis. Stat. § 946.49(1)(b) (1991–92).[2] The trial court sentenced Crockett to twenty-six years in prison.

¶ 3. Crockett then filed a motion and an amended motion for postconviction relief. In his amended motion, Crockett asserted four claims. Among these claims, Crockett argued that: (1) he was entitled to resentencing because the trial court gave him an exces-

---

[2] Each count was enhanced under Wis. Stat. § 939.62(1) (1991–92), the habitual criminality statute.

sively harsh sentence as compared to his codefendants and also because it improperly considered his gang affiliation in sentencing; and (2) the uneven sentences were a "new factor" that justified a sentence modification because he had been sentenced before his codefendants. The motion was denied and Crockett appealed two issues: (1) whether the uneven sentences were new factors that justified resentencing; and (2) whether the trial court properly considered Crockett's gang affiliation in sentencing. We affirmed. *State v. Crockett*, Nos. 95–2477–CR, 95–2940–CR, unpublished slip op. at 2 (Wis. Ct. App. Nov. 14, 1996).

¶ 4. In November 1997, Crockett filed a second motion in the trial court, this time alleging that the trial court lacked jurisdiction to sentence him because the State failed to file an information as required by Wis. Stat. § 971.01(2) (1991–92). The trial court denied this motion. Rather than appeal, Crockett filed a third motion in the trial court under Wis. Stat. §§ 974.06 and 973.13. Crockett argued that the trial court should allow him to withdraw his plea, order resentencing, or modify his sentence because he received ineffective assistance of counsel. In addition, he claimed that his plea was not made knowingly, intelligently, and voluntarily. The record does not indicate whether the trial court ever ruled on this motion.

¶ 5. Crockett filed a fourth motion in the trial court in August 2000. He requested that the trial court resentence him pursuant to Wis. Stat. § 974.06 because he had been denied his due process right to be sentenced based on accurate information. In the alternative, he requested that the trial court modify his sentence under its inherent power because the sentence was unduly harsh and because there was a new factor that justified a sentence modification. Specifically,

125

Crockett contended that the trial court was unaware during his sentencing that: (1) there was no consensus among the defendants that Crockett did most of the shooting; (2) Crockett's codefendant, Jon J. Martin, was the only person claiming that Crockett had pressured Martin to reload the pistol; and (3) the State's recommendation for prison time for Crockett would be as much as twenty-six times greater than his codefendants. The trial court denied Crockett's motion and he appeals.

## II. Analysis

### A. Relief Under WIS. STAT. § 974.06

¶ 6. WISCONSIN STAT. § 974.06(1) authorizes a court to vacate, set aside or correct a sentence when, among other things, it "was imposed in violation of the U.S. constitution or the constitution or laws of this state." Crockett claims that he is entitled to resentencing under § 974.06 because he was denied his due process right to be sentenced only upon materially accurate information. *See State v. Lechner*, 217 Wis. 2d 392, 419, 576 N.W.2d 912 (1998). Relying on *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), the State responds that Crockett waived this argument when he failed to raise it in his first postconviction motion.

¶ 7. *Escalona-Naranjo* held that WIS. STAT. § 974.06(4) bars defendants from bringing claims, including constitutional claims, under § 974.06 if they could have raised them in a previous postconviction motion or on direct appeal—unless they have a "sufficient reason" for failing to do so. *Id.* at 181, 184. Crockett does not claim to have a sufficient reason that would justify his failure to raise the due process issue in

one of his three previous motions. Instead, he argues that the State has waived the right to assert a waiver defense because it failed to do so in the trial court. In support, Crockett relies on *State v. Avery*, 213 Wis. 2d 228, 570 N.W.2d 573 (Ct. App. 1997), in which we declined to invoke waiver under *Escalona-Naranjo* against a defendant when the State had failed to make the argument in the trial court. *Id.* at 248.

¶ 8. We disagree with Crockett's assertion that *Avery* precludes this court from considering whether he has waived his claims under Wis. Stat. § 974.06. *Avery* did not hold that we cannot or even that we should not impose the requirements of § 974.06 and *Escalona-Naranjo* when the State has failed to assert them at some stage in the litigation. Rather, we decided only that, in that case, we would exercise our discretion and decide the defendant's case on the merits rather than apply the waiver doctrine. *See State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) (holding that waiver is a rule of judicial administration, not jurisdiction, and that courts have discretion to make exceptions).

¶ 9. Although there may be situations such as *Avery* in which it is appropriate not to apply the waiver doctrine to a defendant when the State failed to assert it in the trial court, deciding not to apply it as a general rule would contradict the purposes of Wis. Stat. § 974.06 and *Escalona-Naranjo*. The supreme court stated that the primary purpose of the requirement that defendants consolidate all their postconviction claims in the first motion or appeal was to provide finality to criminal litigation. *Escalona-Naranjo*, 185 Wis. 2d at 178, 185. This purpose does not change in

importance depending on whether the State makes a waiver argument in the trial court. Either way, the purpose is frustrated if defendants without a sufficient reason are allowed to raise claims that could have been asserted before. It makes little sense to make the application of the requirements of § 974.06 contingent on the State's litigation strategy when it is defendants, not the State, to which the requirements are directed. Furthermore, as we noted in *State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 343, 576 N.W.2d 84 (Ct. App. 1998), the policy against successive petitions is primarily concerned with wasting *judicial* resources. These resources will be wasted when successive motions are allowed regardless whether or not the State chooses to press the waiver issue.

¶ 10. Crockett has presented no reason why we should exercise our discretion and address his claim on the merits even though he could have raised it earlier. Unlike the defendant in *Avery*, Crockett has filed *three* previous motions requesting postconviction relief, the earliest dating back to 1994, and he could have asserted a due process claim in any of them. At some point, litigation must end. Furthermore, the claim that Avery failed to raise on appeal was based on the sheriff's department's hiding of evidence implicating another suspect, thus suggesting his possible innocence. *Avery*, 213 Wis. 2d at 246. There is no such evidence of a possible miscarriage of justice here. Therefore, we conclude that *Escalona-Naranjo* bars Crockett from asserting yet another constitutional claim.[3]

---

[3] Crockett also relies on *McCleskey v. Zant*, 499 U.S. 467 (1991), in which the Supreme Court held that the federal government has the burden in federal habeas cases to argue

## B. Relief Under the Court's Inherent Power

¶ 11. Alternatively, Crockett argues that we should reverse the trial court's decision that his sentence was not unduly harsh as an erroneous exercise of discretion. Crockett further asserts that the trial court erred when it determined that there were no new factors justifying a modification of his sentence.

"abuse of the writ." *Id.* at 494. Some federal appellate courts have interpreted this rule as precluding the United States from asserting that the defendant has abused the writ when it failed to make the argument in district court. *See, e.g., Aldridge v. Dugger*, 925 F.2d 1320, 1325 (11th Cir. 1991).

Of course, we are not bound by the Supreme Court's or federal appellate courts' holdings regarding federal habeas corpus law when we apply Wis. Stat. § 974.06. Moreover, there are important differences between the federal and state statutes that would suggest a different standard. The federal standard comes from Rule 9(b) of the Rules Governing § 2254 Cases, which states that a judge may dismiss a successive petition when "new and different grounds are alleged, [if] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

The difference, then, between the two statutes is clear. The federal statute assumes a successive petition raising a new claim is *permissible* unless the judge finds that the petitioner has abused the writ. In contrast, Wis. Stat. § 974.06 assumes that a successive petition is *barred* unless the defendant can provide a "sufficient reason" for failing to assert the claim earlier. These different assumptions suggest that while the burden is on the government to plead abuse of the writ under 28 U.S.C. § 2254, it is on the defendant to show a sufficient reason under Wis. Stat. § 974.06.

### 1. Claim That Sentence Was Unduly Harsh

¶ 12. Upon concluding that a sentence is unduly harsh or unconscionable, a trial court has the inherent authority to modify its original sentence. *State v. Wuensch*, 69 Wis. 2d 467, 480, 230 N.W.2d 665 (1975). Crockett claims that his sentence was unduly harsh as compared to his codefendants and that the trial court erred by failing to specifically address this claim in its order. That the trial court failed to state its reasons for denying this claim, however, makes no difference because this claim too is barred. Crockett raised this claim in his initial postconviction motion, but the motion was denied and Crockett failed to appeal the issue. Therefore, Crockett may not assert it again here. *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

### 2. Claim That Disparate Sentences Constitute a New Factor

¶ 13. Finally, Crockett contends that there are new factors justifying sentence modification. A court may modify a defendant's sentence if the defendant can show, by clear and convincing evidence, both that a new factor has arisen since sentencing, and that this new factor justifies modification of the sentence. *State v. Michels*, 150 Wis. 2d 94, 96–97, 441 N.W.2d 278 (Ct. App. 1989). The term "new factor" refers to a fact or set of facts highly relevant to the imposition of sentence but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties. *State v.*

*Kluck*, 210 Wis. 2d 1, 7, 563 N.W.2d 468 (1997). Whether a set of facts constitutes a new factor is a question of law. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989).

¶ 14. We agree with the State that this claim fails because Crockett has failed to show that there are any new factors. Both the lack of consensus among codefendants that Crockett was the primary shooter and the lack of corroboration with Martin's claim that Crockett pressured Martin to reload the pistol were facts in existence at the time of sentencing. Although the trial court may have "unknowingly overlooked" these facts, Crockett does not claim that he was unaware of them as well. Therefore, these facts are not new factors. *See Kluck*, 210 Wis. 2d at 7 (holding that a fact in existence at the time of sentencing is "new" only if "unknowingly overlooked by *all* of the parties") (emphasis added).

¶ 15. Crockett's third asserted new factor is that both he and the trial court were unaware that the State's recommendation for prison time would be much greater for Crockett than for his codefendants, who were sentenced after Crockett. This argument is only a slight variation of the one that we previously rejected on Crockett's first appeal. The only difference is that, this time, Crockett emphasizes the State's recommendation for disparate sentences rather than the disparate sentences themselves. We do not view this as a relevant distinction. Rephrasing the same issue in slightly different terms does not create a new issue. *Witkowski*, 163 Wis. 2d at 990. Therefore, because this claim was litigated previously, it cannot be asserted again here. *Id.*

¶ 16. The State argues that this claim is also barred by *Escalona-Naranjo* because Crockett either

already has or could have raised these arguments before. Because we have already affirmed the trial court's order denying Crockett's motion for postconviction relief on other grounds, we need not address this argument.

¶ 17. In sum, we conclude that each of Crockett's claims fails as a matter of law, and we therefore affirm the order of the trial court.

*By the Court.*—Order Affirmed.