COURT OF APPEALS
DECISION
DATED AND FILED

August 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP910**

**STATE OF WISCONSIN**

Cir. Ct. No. **2014CF3716**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

     V.

HOWARD D. DAVIS,

     DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Howard D. Davis, *pro se*, appeals the order of the trial court denying his motion filed pursuant to WIS. STAT. § 974.06 (2019-20).[1] Davis argues that his postconviction counsel was ineffective for failing to raise claims, or failing to adequately argue claims that were raised, in his initial postconviction motion.   We, however, conclude that all of Davis's claims are procedurally barred, and therefore we affirm the order of the trial court denying his § 974.06 motion.

## BACKGROUND

¶2     In March 2015, Davis was convicted of first-degree reckless homicide and first-degree recklessly endangering safety—both as a party to a crime, by use of a dangerous weapon, and with repeat offender penalty enhancers—after a shooting in June 2014 that left one man dead and another injured.   Davis was sentenced to a total of forty-five years of initial confinement and seventeen years of extended supervision.

¶3     Davis, through postconviction counsel, filed a postconviction motion in January 2017, alleging seven instances of ineffective assistance of trial counsel with regard to counsel's failure to:  (1) present an alibi defense; (2) call a witness to the shooting who was favorable to the defense; (3) adequately confront a witness about prior criminal convictions; (4) request a cautionary jury instruction regarding the admission of violent rap lyrics allegedly written or possessed by Davis; (5) request a cautionary jury instruction regarding testimony that the surviving victim had previously shot Davis; (6) request a cautionary jury instruction regarding the police losing the audio recording of their debriefing with informant witness

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Willie Nelson; and (7) request a cautionary jury instruction regarding concessions offered by the State to Nelson relating to Nelson's criminal prosecution. Davis also presented a claim of juror misconduct.

¶4      The trial court denied Davis's postconviction motion without a hearing, determining that Davis's claims failed on the merits. This court affirmed that decision, concluding that Davis had not alleged sufficient facts regarding his claims which demonstrated that he was entitled to relief. *See State v. Davis*, No. 2017AP942-CR, unpublished slip op. ¶3 (WI App Dec. 11, 2018). Davis's petition for review to our supreme court was denied.

¶5      Davis then filed, *pro se*, the WIS. STAT. § 974.06 motion that underlies this appeal in March 2020. In that motion, he argued that his postconviction counsel was ineffective for failing to raise or adequately argue that: (1) trial counsel was ineffective for failing to call a witness to support Davis's alibi; (2) trial counsel was ineffective for failing to investigate Davis's version of events on the night of the shooting; (3) the trial court erred in allowing Nelson to testify despite the police losing his recorded statement; (4) the trial court erred in allowing the admission of violent rap lyrics possessed by Davis; (5) the trial court erred when it allowed the jury to review trial transcripts during deliberations; (6) there was a juror misconduct issue; and (7) there was insufficient evidence to convict him.

¶6      The trial court rejected all of these claims, for differing reasons. It found that claims one and six were raised in his original postconviction motion, and were therefore procedurally barred. The court further noted that although Davis had included an affidavit from his alibi witness that provided additional details, there was not a reasonable probability of a different outcome of the trial given the

3

"extraordinary circumstantial evidence of guilt" regarding Davis. The court also rejected claim two as conclusory.

¶7      The trial court's rejection of claims three and four referenced its previous ruling that the evidence was admissible. Furthermore, the court stated that even if the rap lyrics were erroneously admitted, it was not reasonably probable that the error affected the outcome of the trial. Claim five, which relates to post-trial statements by jurors to an investigator hired by postconviction counsel, was rejected as being unsupported by the record.

¶8      With regard to claim seven, the trial court stated that the State "presented more than sufficient evidence for the jury to find [Davis] guilty beyond a reasonable doubt." This evidence included video evidence presented at trial that identified the vehicle used in the shooting, and established that two individuals were in the vehicle at the time of the shooting; two witnesses who testified that they saw gunshots coming from the vehicle used in the shooting and that they saw Davis and his co-defendant, Jarmel Chisem, in the same vehicle shortly before and after the shooting, and later saw Davis and Chisem exit that same vehicle they had just seen used in the shooting; the testimony of Nelson, who was incarcerated with Davis, where he stated that Davis admitted to killing the victim with either a .45 or .357 caliber revolver; crime lab evidence showing that .38/.357 and .45 caliber bullets were recovered from the crime scene; and another witness who was incarcerated with Davis and Chisem at the Milwaukee Secure Detention Facility, and overheard them talking about a homicide they were involved in—in particular, that Davis told Chisem that he should have hidden the vehicle in a garage.

¶9      Therefore, the trial court denied Davis's WIS. STAT. § 974.06 motion without a hearing. This appeal follows.

**DISCUSSION**

¶10    On appeal, the State asserts that Davis's claims are procedurally barred because they either were previously raised or could have been previously raised in his initial postconviction motion. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding[.]" ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Furthermore, absent a "sufficient reason," a defendant may not bring a claim under WIS. STAT. § 974.06 if that claim could have been raised in a prior motion or direct appeal. ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). This rule "promotes finality and efficiency by requiring defendants to bring all available claims in a single proceeding unless there exists a sufficient reason for not raising some claims in that initial proceeding." ***State v. Romero-Georgana***, 2014 WI 83, ¶33, 360 Wis. 2d 522, 849 N.W.2d 668. "Whether a [§ ]974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law" that we review *de novo*. ***Romero-Georgana***, 360 Wis. 2d 522, ¶30.

¶11    Five of the claims in Davis's WIS. STAT. § 974.06 motion were previously raised and rejected in his initial postconviction motion. In an attempt to skirt the procedural bar on these claims, Davis alleges in his current § 974.06 motion that his postconviction counsel was ineffective because he failed to present adequate arguments regarding these claims. "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." ***Romero-Georgana***, 360 Wis. 2d 522, ¶36.

¶12    To establish the existence of a sufficient reason and adequately raise a claim for relief, Davis must allege "sufficient material facts—*e.g.,* who, what,

where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks." *See id.*, ¶¶36-37 (citation omitted; brackets in *Romero-Georgana*). With regard to the first claim—the failure to call the alibi witness—Davis has submitted a new affidavit from that witness which includes specific times that Davis was purportedly with this witness on the night of the shooting. This is in response to the decisions of the trial court and this court relating to his initial postconviction motion, which stated that the witness's affidavit did not contain specific times that he was with Davis that night. *See Davis*, No. 2017AP942-CR, ¶23.

¶13 Davis's allegations in his current motion, however, do not address the "extraordinary circumstantial evidence of guilt" that was presented against Davis at trial. In other words, Davis has not asserted *how* postconviction counsel's failure to obtain an adequate affidavit was prejudicial, in that Davis has not demonstrated a reasonable probability that the outcome of his trial would be different had his alibi witness testified. *See State v. Balliette*, 2011 WI 79, ¶¶24, 70, 336 Wis. 2d 358, 805 N.W.2d 334. This is a necessary component to proving a claim of ineffective assistance of counsel under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Balliette*, 336 Wis. 2d 358, ¶21 (pursuant to *Strickland*, a defendant "must show two elements to establish that his counsel's assistance was constitutionally ineffective: [f]irst, that counsel's performance was deficient; second, that the deficient performance resulted in prejudice to the defense."). Without establishing the prejudice prong of *Strickland*, Davis fails to demonstrate that he is entitled to relief for this claim. *See Balliette*, 336 Wis. 2d 358, ¶70.

¶14 The other claims that were previously raised—claims two, three, four, and six—are merely variations of the same claims that were rejected in Davis's initial postconviction motion. "Rephrasing the same issue in slightly different terms

does not create a new issue." ***State v. Crockett***, 2001 WI App 235, ¶15, 248 Wis. 2d 120, 635 N.W.2d 673.

¶15     Claim five is a similar repackaging of a claim previously raised in his initial postconviction motion. Davis alleges in that claim that several jurors told the investigator hired by his postconviction counsel that they were provided with "unverified" transcripts of the trial during deliberations. In his initial postconviction motion, Davis's claim of juror misconduct was also based on juror statements made post-trial to the investigator. However, that evidence was stricken from Davis's motion by the trial court pursuant to WIS. STAT. § 906.06(2), which prohibits a juror from testifying regarding "any matter or statement occurring during the course of the jury's deliberations[.]" That statutory prohibition likewise applies to claim five in his current motion, as it is also based on post-trial juror statements.

¶16     Davis's seventh claim, that postconviction counsel failed to raise the claim of insufficiency of the evidence, is also procedurally barred. This claim is based on the fact that Davis was acquitted of a firearm possession charge at his trial. However, since this claim is being raised for the first time in Davis's WIS. STAT. § 974.06 motion, he must demonstrate that it is "clearly stronger" than the claims raised in his initial postconviction motion; otherwise, this claim is also procedurally barred. *See **Romero-Georgana***, 360 Wis. 2d 522, ¶4. This standard again requires that Davis plead sufficient material facts to demonstrate that he is entitled to relief. *See **id.***, ¶58.

¶17     Davis fails to meet that burden. Similar to his allegations for claim one, Davis's allegation that his acquittal on the possession charge raises reasonable doubt as to his convictions does not address the "extraordinary circumstantial evidence of guilt" that was presented against Davis at trial. In other words, Davis

again has not asserted how it was prejudicial for postconviction counsel not to raise this issue in his initial postconviction motion. *See **Balliette***, 336 Wis. 2d 358, ¶70. Thus, Davis again fails to prove the prejudice prong of ***Strickland*** and, as a result, fails to demonstrate that he is entitled to relief. *See **Balliette***, 336 Wis. 2d 358, ¶70. Therefore, he has not shown that this claim is clearly stronger than the claims previously raised, which renders this claim procedurally barred. *See **Romero-Georgana***, 360 Wis. 2d 522, ¶¶4-6.

¶18 Accordingly, because we conclude that all of the claims raised by Davis in his WIS. STAT. § 974.06 motion are procedurally barred, we affirm the order of the trial court denying his motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.