COURT OF APPEALS
DECISION
DATED AND FILED

October 24, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP377**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF977

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GEOFFREY DANIEL HESSER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    Geoffrey Hesser, pro se, appeals an order denying his WIS. STAT. § 974.06 (2021-22)[1] motion for postconviction relief.    The circuit court concluded that the claims raised in Hesser's postconviction motion were procedurally barred.    We agree and affirm the order denying Hesser's motion.

## BACKGROUND

¶2    According to the criminal complaint, in October 2015, Annie[2] reported to police that Hesser had nonconsensual anal intercourse with her inside her car in a parking lot in Wausau, while their four-month-old daughter was present in the vehicle.    Annie also reported that, on the same day, Hesser "pulled down his pants and tried to make [her] give him oral sex" while they were in the car with their daughter.    Based on these allegations, the State filed a criminal complaint charging Hesser with four offenses: second-degree sexual assault (based on the anal intercourse); attempted second-degree sexual assault (based on the attempted oral intercourse); disorderly conduct; and misdemeanor bail jumping.    The first three counts were charged as acts of domestic abuse.

¶3    The case proceeded to a jury trial on the first three counts, during which Hesser was represented by Attorney Kathryn Jackan, an employee of the State Public Defender's Office (SPD).    The jury ultimately found Hesser guilty of the second-degree sexual assault and disorderly conduct charges, but not guilty of the attempted second-degree sexual assault charge.    Hesser was also convicted of

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we use a pseudonym instead of the victim's name.

the bail jumping charge, based on his conditional no-contest plea to that count. The circuit court sentenced Hesser to twenty years' initial confinement followed by fifteen years' extended supervision on the second-degree sexual assault charge, with lesser concurrent sentences on the disorderly conduct and bail jumping charges.

¶4      Assistant State Public Defender Megan Sanders-Drazen represented Hesser in his direct appeal.  Hesser argued on direct appeal that the circuit court had erroneously exercised its discretion by:  (1) permitting the State to amend the Information on the first day of his trial; (2) excluding portions of a Facebook Messenger conversation between Hesser and Annie; and (3) denying Hesser's request to allow the jury to view Annie's car.  We rejected these arguments and affirmed Hesser's judgment of conviction.  Hesser filed a petition for review of our decision, which the supreme court denied.

¶5      Thereafter, on January 4, 2021, Hesser filed a pro se motion for postconviction relief under WIS. STAT. § 974.06.  Hesser later filed an amended motion and a supplement to that motion.  He also asked the circuit court to appoint counsel to represent him.  The court subsequently appointed Attorney Julianne Lennon to represent Hesser in connection with his § 974.06 motion.

¶6      In his amended motion and supplement, Hesser asserted that Jackan was constitutionally ineffective in ten ways:  (1) failing to object when the State made comments at trial regarding the child's presence in the car during the sexual assault; (2) failing to object during the State's opening statement and closing argument when the prosecutor erroneously stated that Annie said "no" during the assault; (3) failing to object to the State's references to Annie's age at the beginning of her relationship with Hesser and at the time of the assault; (4) failing

to object when the State improperly vouched for Annie's credibility and stated that Hesser's testimony was not credible; (5) failing to object when the State misstated facts in its closing argument; (6) failing to introduce Annie's prior inconsistent statements; (7) failing to request a jury instruction on the lesser-included offense of third-degree sexual assault; (8) failing to request a curative instruction after the State mentioned a "jail phone call" while cross-examining Hesser; (9) agreeing with the circuit court that portions of the trial testimony would not be read back to the jury during its deliberations; and (10) failing to investigate an incident in which Annie called the police and reported that Hesser had stolen her vehicle.[3]

¶7     Hesser also argued that Sanders-Drazen was constitutionally ineffective by failing to pursue these ineffective-assistance-of-trial-counsel claims on direct appeal.  In addition, Hesser asserted that Sanders-Drazen had an actual conflict of interest when she represented him because she and Jackan were both employed by the SPD, which prevented Sanders-Drazen from asserting an ineffective assistance claim against Jackan.

¶8     The circuit court held an evidentiary hearing on Hesser's postconviction motion, during which Sanders-Drazen and Hesser testified. Sanders-Drazen testified that she reviewed the record at the beginning of her representation of Hesser.  Following that review and a subsequent phone call with Hesser, Sanders-Drazen sent Hesser a letter that identified four possible grounds

---

[3] Hesser's postconviction motion also asserted that Jackan was constitutionally ineffective by failing to object to inaccurate information at sentencing and that the circuit court violated his right to due process by relying on the inaccurate information.  Because Hesser does not renew these claims on appeal, we will not discuss them further.

for seeking a new trial. The first three issues that Sanders-Drazen identified were the three issues that she ultimately raised in Hesser's direct appeal.

¶9     The fourth issue that Sanders-Drazen identified concerned the State's repeated references to the presence of Hesser and Annie's baby in the vehicle during the sexual assault. Sanders-Drazen explained that because Jackan did not object to these references at trial, this claim would need to be brought under the ineffective assistance of counsel rubric. However, Sanders-Drazen advised Hesser:

> Unfortunately, ineffective assistance claims are very hard to win. They have many layers, which means there are many ways to lose, and courts do not generally like second-guessing attorneys' on-the-spot decisions. Further (and I realize this is a lot of information, so bear with me), because [Jackan] and I are both staff attorneys with the State Public Defender's Office, I could not personally bring this claim. There is a conflict of interest. If you wanted to pursue this claim, your case would have to be transferred to a private bar attorney. Unfortunately, I can't guarantee a different attorney will litigate this issue (or any other issue). He or she might disagree with my assessment of your case.

¶10     Sanders-Drazen further advised Hesser that, after consulting with colleagues and conducting additional research, she believed that the first three issues she had identified were stronger than the ineffective assistance claim. She then explained:

> **In my opinion, the best path to obtaining a new trial is to keep me as your attorney, drop the fourth claim, and bring the first three claims directly to the court of appeals (rather than starting in the trial court).** With your permission, I will proceed in that manner. However, if you would prefer to pursue all four claims listed above, I can seek to have your case transferred to a different attorney. Please note that a transfer requires supervisory approval, which I cannot guarantee.

Sanders-Drazen similarly testified during the postconviction hearing that she believed Hesser's "best shot" at obtaining a new trial "was to stick with me and pursue the three claims I could pursue rather than taking the gamble of transferring the case to a private bar attorney."

¶11     Sanders-Drazen also testified that after she sent the above letter to Hesser, they had a phone call during which they "made [a] decision about how to move forward." During that phone call, Sanders-Drazen "clarif[ied] that [she] could not personally raise the [ineffective assistance] claim and if [Hesser] wanted to pursue that, the case would have to be transferred" to a private bar attorney. Sanders-Drazen testified that Hesser ultimately chose to keep her as his attorney and pursue the first three issues she had identified, forgoing the potential ineffective assistance claim.

¶12     Sanders-Drazen further testified that during her representation of Hesser, she believed that the ineffective assistance claim she had identified was weaker than the other potential appellate issues because even though the prosecutor's comments about the child's presence in the car were objectionable, it would have been difficult for Hesser to establish the prejudice prong of an ineffective assistance claim. Sanders-Drazen also explained that she does not always pursue every claim on appeal that she identifies as having merit because "a weak argument can detrimentally affect strong arguments when presented to an appellate court."

¶13     During his testimony, Hesser confirmed that he had received Sanders-Drazen's letter outlining the four potential issues that she had identified and that he had discussed those issues with Sanders-Drazen by phone. He understood that Sanders-Drazen could not pursue the ineffective assistance claim

because both she and Jackan were employed by the SPD. He also understood that he had the option to pursue the ineffective assistance claim with a different attorney, but that there was no guarantee that the new attorney would conclude the ineffective assistance claim (or any other claim) had merit. Hesser testified that he personally made the decision to keep Sanders-Drazen as his attorney and proceed with the three other claims she had identified, rather than pursuing the ineffective assistance claim.

¶14     Jackan was present and available to testify at the hearing on Hesser's postconviction motion. However, following Sanders-Drazen's testimony, the circuit court determined that Jackan's testimony was unnecessary because the threshold issue was whether Sanders-Drazen was ineffective by failing to raise the ineffective assistance claims identified in Hesser's postconviction motion. Following the hearing, Hesser asked the court to reconsider its decision regarding Jackan's testimony. The court denied that request, stating that it would first determine whether Sanders-Drazen was ineffective by failing to raise Hesser's current ineffective assistance claims, "which … would then negate the need for trial counsel [to testify] if appellate counsel was not deficient."

¶15     The circuit court subsequently issued a written decision denying Hesser's postconviction motion. The court recognized that Hesser's ineffective assistance of counsel claims against Jackan were procedurally barred unless Hesser could show a sufficient reason for failing to raise those claims on direct appeal. The court further acknowledged that ineffective assistance of postconviction counsel can constitute a sufficient reason for failing to raise a claim on direct appeal. The court noted, however, that in order to show that Sanders-Drazen was ineffective by failing to raise Hesser's current ineffective

assistance claims on direct appeal, Hesser would need to show that those claims were clearly stronger than the claims that Sanders-Drazen actually pursued.

¶16    Proceeding under the assumption that Sanders-Drazen had an actual conflict of interest, the circuit court nevertheless concluded that Hesser could not establish that Sanders-Drazen was ineffective.  The court addressed each of Hesser's ineffective assistance claims against Jackan and concluded that none of those claims, individually, was clearly stronger than the claims that Sanders-Drazen raised on direct appeal.  The court further concluded that Hesser's current claims, collectively, were "of such minimal merit that combining them [did] not support a claim that they [were] stronger than those appealed directly." The court therefore denied Hesser's postconviction motion, on the grounds that the claims asserted therein were procedurally barred.  Hesser now appeals.

## DISCUSSION

¶17    A defendant may not raise an issue in a WIS. STAT. § 974.06 motion for postconviction relief if the issue could have been raised in a prior postconviction motion or on direct appeal, unless the defendant can show a "sufficient reason" for failing to raise the issue earlier.  *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994) (quoting § 974.06(4)).  Section 974.06 "assumes that a successive petition is barred unless the defendant can provide a 'sufficient reason' for failing to assert the claim earlier," and the burden is on the defendant to show the existence of a sufficient reason.  *State v. Crockett*, 2001 WI App 235, ¶10 n.3, 248 Wis. 2d 120, 635 N.W.2d 673.  Whether a defendant has established a sufficient reason for failing to bring available claims earlier is a question of law that we review independently. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶18    Ineffective assistance of postconviction counsel may constitute a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal. *Id.*, ¶36. To establish that postconviction counsel was ineffective, a defendant must show both that counsel's performance was deficient and that the deficient performance was prejudicial. *Id.*, ¶39. "[W]hen postconviction counsel is accused of ineffective assistance on account of his [or her] failure to raise certain material issues before the circuit court," the operative question is whether those issues were "clearly stronger" than the issues that counsel actually raised. *Id.*, ¶¶45-46. The "clearly stronger" standard applies to the deficiency prong of the ineffective assistance analysis. *Id.*, ¶58.

¶19    Here, Sanders-Drazen raised three claims in Hesser's direct appeal—namely, that the circuit court erroneously exercised its discretion by permitting the State to amend the Information on the first day of trial, by excluding portions of a Facebook Messenger conversation between Hesser and Annie, and by refusing to allow the jury to view Annie's car. At the postconviction motion hearing, Sanders-Drazen testified that she believed these claims were stronger than the single ineffective-assistance-of-trial-counsel claim that she had identified, based in part on the difficulty of establishing the prejudice prong of an ineffective assistance claim.

¶20    In the instant appeal, Hesser contends that the ten ineffective assistance claims that he has now identified—which include the single claim that Sanders-Drazen identified—are clearly stronger than the claims Sanders-Drazen raised on direct appeal. Hesser does not, however, compare his current claims to the claims Sanders-Drazen raised or develop an argument in support of his assertion that his current claims are clearly stronger. At best, Hesser asserts, without development, that the claims Sanders-Drazen raised were reviewed on

appeal for an erroneous exercise of discretion. To the extent Hesser intends to argue that his current claims are clearly stronger than the claims raised on direct appeal because our review of discretionary decisions is deferential, he does not actually make that argument, nor does he compare the claims to one another or explain why his current ineffective assistance claims would have had a greater likelihood of success.

¶21    We agree with the State that, under these circumstances, Hesser has failed to meet his burden to show that his current claims are clearly stronger than the claims Sanders-Drazen raised on direct appeal. As such, Hesser has not shown that Sanders-Drazen performed deficiently by failing to raise his current claims. Consequently, Hesser has failed to show that Sanders-Drazen was constitutionally ineffective, and, therefore, he has not established a sufficient reason for failing to raise his current claims on direct appeal. Accordingly, the circuit court correctly concluded that Hesser's current claims are procedurally barred.[4]

¶22    Hesser asserts that the circuit court could not weigh the relative merits of the claims raised in his WIS. STAT. § 974.06 motion and those raised on direct appeal without hearing testimony from Jackan. He therefore asks us to remand for an evidentiary hearing to allow the court to consider Jackan's testimony. We agree with the State that a remand for this purpose is unnecessary. We have concluded that Hesser failed to meet his burden to show that his current

---

[4] Because we conclude that Hesser has failed to develop an argument showing why any of his current claims are clearly stronger than the claims Sanders-Drazen raised on direct appeal, we do not address the merits of each of Hesser's current claims or compare them to the claims previously raised. We note, however, that the circuit court specifically addressed most of Hesser's current claims in its decision denying his postconviction motion and succinctly explained why Hesser failed to show that those claims are clearly stronger than the claims raised on direct appeal.

ineffective assistance claims are clearly stronger than the issues Sanders-Drazen raised on direct appeal because Hesser has not directly compared those claims or developed an argument regarding their relative strength. Under these circumstances, Jackan's testimony is not necessary for us to affirm the court's order denying Hesser's postconviction motion on the grounds that his current claims are procedurally barred.

¶23 Hesser also renews his argument on appeal that Sanders-Drazen had an actual conflict of interest while representing him that adversely affected her performance. He therefore contends that we must presume that Sanders-Drazen's performance was prejudicial to his defense.

¶24 To establish a violation of the constitutional right to counsel based on a conflict of interest, a defendant "must demonstrate by clear and convincing evidence that his or her counsel had an actual conflict of interest." *State v. Love*, 227 Wis. 2d 60, 71, 594 N.W.2d 806 (1999). "An actual conflict of interest exists when the defendant's attorney was actively representing a conflicting interest, so that the attorney's performance was adversely affected." *Id.* "Once an actual conflict of interest has been established, the defendant need not make a showing of prejudice because prejudice is presumed." *Id.*

¶25 Here, we question whether Hesser has established an actual conflict of interest—that is, a conflict that "adversely affected" Sanders-Drazen's performance. *See id.* As discussed above, Hesser has failed to show that Sanders-Drazen performed deficiently by failing to raise Hesser's current ineffective assistance claims on direct appeal. However, assuming without deciding that an actual conflict of interest existed, we nevertheless reject Hesser's claim that Sanders-Drazen was constitutionally ineffective because the record

shows that Hesser knowingly, intelligently, and voluntarily waived the purported conflict.

¶26    As a general rule, a defendant who validly waives a conflict of interest also waives the right to claim ineffective assistance of counsel based on the conflict.[5]  *State v. Demmerly*, 2006 WI App 181, ¶16, 296 Wis. 2d 153, 722 N.W.2d 585.   Here, the undisputed evidence at the postconviction hearing established that Sanders-Drazen explained to Hesser that a potential ineffective assistance claim existed against Jackan, but that a conflict of interest prevented Sanders-Drazen from asserting that claim.  Sanders-Drazen therefore explained to Hesser that he could choose to pursue an ineffective assistance claim with a different attorney—although there was no guarantee that a different attorney would conclude such a claim had merit—or to pursue three other claims with Sanders-Drazen as his attorney.  Hesser chose to keep Sanders-Drazen as his attorney and forgo an ineffective assistance claim.  Having knowingly and intelligently agreed to keep Sanders-Drazen as his attorney and abandon an ineffective assistance claim against Jackan, Hesser cannot now claim that

---

[5] An exception to this general rule exists when "counsel's performance is deficient *and* unreasonably so even in light of the waived conflict of interest."  *State v. Demmerly*, 2006 WI App 181, ¶17, 296 Wis. 2d 153, 722 N.W.2d 585.  This exception is inapplicable here because Hesser has not shown that Sanders-Drazen performed deficiently by failing to raise his current ineffective assistance claims on direct appeal.

In his reply brief, Hesser argues that Sanders-Drazen's conflict of interest affected her opinion that the three claims pursued on direct appeal were stronger than the ineffective assistance claim she identified.  However, Hesser provides no evidence in support of this assertion.  If Hesser's assertion were true that the conflict of interest affected Sanders-Drazen's opinion regarding the strength of the ineffective assistance claim, one would expect that Sanders-Drazen would not have even raised the possibility of an ineffective assistance claim with Hesser when discussing the potential appellate issues.  Instead, Sanders-Drazen informed Hesser of the existence of the potential ineffective assistance claim and gave him the option to pursue that claim with a different attorney.  As discussed above, Hesser chose to keep Sanders-Drazen as his attorney and forgo the ineffective assistance claim.

Sanders-Drazen was constitutionally ineffective based on her alleged conflict of interest.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.