COURT OF APPEALS
DECISION
DATED AND FILED

March 5, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP173-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CF945

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

KENNETH DARRELL LYONS,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kenneth Darrell Lyons appeals from a judgment of conviction entered following guilty pleas to one count of possession of heroin with intent to deliver and one count of possession of cocaine with intent to deliver.  He also appeals from an order of the circuit court denying his postconviction motion seeking sentence modification based on a new factor.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2    On February 28, 2020, the State charged Lyons with one count of possession of heroin with intent to deliver and one count of possession of cocaine with intent to deliver.  The charges resulted from a narcotics investigation that involved multiple controlled buys of heroin and cocaine.  At the time of his arrest, Lyons had cocaine, heroin, a digital scale, packaging material, and cash with him in his vehicle.

¶3    Lyons pled guilty to both counts, and the circuit court sentenced him to a total of five years of imprisonment, composed of two years of initial confinement and three years of extended supervision.  At the time of sentencing, the circuit court found Lyons eligible for the Challenge Incarceration Program (CIP) after one year, but it found that Lyons was not eligible for the Substance Abuse Program (SAP) because the circuit court found that it had "no indication" that Lyons had "a substance abuse problem that contributed to [his] activity."

¶4    Lyons subsequently filed a motion for postconviction relief in which he argued that he was entitled to sentence modification based on a new factor.  Lyons specifically requested that he be found eligible for SAP based on an inmate classification report prepared by the Department of Corrections (DOC) in which the DOC rated Lyons as a high priority in the substance use disorder category.

2

¶5    The circuit court denied Lyons' motion because any alleged drug problem "was known to him at sentencing, yet he did not claim to have a drug problem" and the circuit court was "not persuaded that the inmate classification report [was] clear and convincing evidence of a substance abuse disorder" given that the report also indicated that Lyons "self-reported that he does not drink alcohol and that he stopped smoking marijuana in 2019."

¶6    Lyons now appeals.

## DISCUSSION

¶7    On appeal, Lyons argues that the DOC's report reflecting that Lyons was a high priority in the substance use disorder category is a new factor that justifies sentence modification. We disagree, and we conclude that the DOC's classification does not present a new factor that justifies sentence modification.

¶8    A defendant may seek a modification of his or her sentence "upon the defendant's showing of a 'new factor.'" *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. To do so, the defendant first "has the burden to demonstrate by clear and convincing evidence the existence of a new factor." *Id.*, ¶36. Second, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence." *Id.*, ¶37. "Thus, to prevail, the defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence." *Id.*, ¶38.

¶9    The definition of a new factor is well-settled as "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because

… it was unknowingly overlooked by all of the parties." ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶10 "Whether a fact or set of facts presented by the defendant constitutes a 'new fact' is a question of law" that we review independently. ***Harbor***, 333 Wis. 2d 53, ¶33. However, we review "[t]he determination of whether that new factor justifies sentence modification" for an erroneous exercise of discretion. ***Id.***

¶11 In this case, we conclude that Lyons has failed to demonstrate that the DOC's report is a new factor that justifies sentence modification. To put it simply, any substance abuse issues would have been known to Lyons at the time of sentencing and, therefore, cannot now be considered a new factor. *See* ***State v. Crockett***, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 (rejecting a defendant's argument for sentence modification for a new factor because the defendant did not claim that he was also unaware of the claimed new factor at the time of sentencing).

¶12 Lyons argues that it is unrealistic to presume that a person is capable of self-diagnosing a substance abuse disorder and further capable of recognizing that a substance abuse disorder could be a mitigating factor at sentencing. However, an ability or lack thereof to diagnose one's self with a substance abuse disorder and recognize any mitigating properties in such a disorder does not negate the fact that a defendant should be knowledgeable of the basic fact that he or she has engaged in drug use and to what extent the defendant has done so. In other words, Lyons should have been aware at the time of his sentencing that he had indeed engaged in drug use and yet he never claimed to have engaged in such drug use at the time of sentencing. Instead, by all indications, Lyons sold drugs to "make easy money" and

he himself was not engaged in using drugs. Lyons did not correct this characterization at the time of sentencing.

¶13 We consider whether or not Lyons self-diagnosed his drug use as a substance abuse disorder irrelevant to our analysis of what Lyons knew at the time of his sentencing about whether he had in fact used drugs and to what extent. Rather, we consider that he would have been aware of his own drug use at the time of sentencing, and therefore, we conclude that he has failed to demonstrate the existence of a new factor.

¶14 Furthermore, as the State observes, the DOC report also states that Lyons self-reported that "he does not drink alcohol and stopped smoking marijuana in 2019." The DOC report also did not give Lyons an AODA score. Consequently, we also observe that the DOC report, by its own terms, fails to demonstrate by clear and convincing evidence that Lyons indeed suffered from a substance abuse disorder that justifies sentence modification.

¶15 Accordingly, we affirm the circuit court's order denying Lyon's postconviction motion for sentence modification and affirm his judgment of conviction.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.