**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 9, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP1610-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 1997CF972937

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

    V.

MARQUIS OMAR GILLIAM,

    DEFENDANT-APPELLANT

        APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed*.

        Before White, C.J., Geenen and Kloppenburg, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Marquis Omar Gilliam appeals from the order of the circuit court denying his motion for postconviction relief, pursuant to WIS. STAT. § 974.06 (2021-22).[1]  Gilliam argues that his Complex Post-Traumatic Stress Disorder (C-PTSD) diagnosis presents newly-discovered evidence warranting an evidentiary hearing on his motion for a new trial.  We conclude that Gilliam has not presented a sufficient reason to overcome the procedural bar under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).  Gilliam also argues that his C-PTSD diagnosis and scientific research on the brain development of young adults are new factors warranting sentence modification. We conclude that he has not presented a new factor.  Accordingly, we affirm.

## BACKGROUND

¶2    Gilliam was convicted, upon a jury's verdict, of first-degree intentional homicide while armed in December 1997.  The charge arose from Gilliam causing the death of Dion Lucas in July 1997 by shooting him multiple times at an "after-hours" bar in Milwaukee.  Gilliam was nineteen years old.  The court imposed a life sentence with a parole eligibility date of November 4, 2037.[2]

¶3    Gilliam appealed, arguing that the circuit court erred when it denied trial counsel's motion to remove a juror for cause on the ground of subjective bias.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The Honorable Laurence C. Gram, Jr., presided over Gilliam's trial, sentencing, and first postconviction motion.  The Honorable M. Joseph Donald denied Gilliam's second postconviction motion.  The Honorable Ellen R. Brostrom denied Gilliam's third postconviction motion, the underlying order in this action.  We refer to any of the judges involved in this matter as the circuit court.

This court rejected his claim and affirmed the judgment. *State v. Gilliam*, 2000 WI App 152, 238 Wis. 2d 1, 615 N.W.2d 660 ("*Gilliam I*").

¶4 Gilliam again moved for postconviction relief in April 2016, this time alleging that postconviction counsel was ineffective for failing to call witnesses to corroborate self-defense and failing to present *McMorris*[3] evidence of the victim's previous actions. He asserted that this claim was clearly stronger than the juror bias issue that was presented in his appeal. This court rejected his claim and affirmed. *State v. Gilliam*, No. 2016AP1101, unpublished slip op. (WI App Aug. 22, 2017) ("*Gilliam II*").

¶5 In February 2022, Gilliam filed the underlying motion for postconviction relief arguing for a new trial based on newly-discovered evidence—his C-PTSD diagnosis—and sentence modification based on new factors—his C-PTSD diagnosis and scientific research on adolescent and young adult brain development. The circuit court denied the motion concluding that there was "no reasonable probability that a jury would find that the defendant acted in self-defense" based on understanding his C-PTSD, "even if the proffered expert testimony were presented at a new trial, based on the defendant's conduct[.]" Therefore, his C-PTSD diagnosis was not sufficient to warrant a new trial on the basis of newly-discovered evidence. The circuit court also concluded that neither his diagnosis nor the science on young adult brain development presented a new factor warranting sentencing modification.

¶6 Gilliam now appeals.

---

[3] *McMorris v. State*, 58 Wis. 2d 144, 205 N.W.2d 559 (1973).

## DISCUSSION

¶7    The State argues that Gilliam's postconviction motion is procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994) (providing that "if the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a [WIS. STAT. §] 974.06 motion.").[4]   A "defendant is barred from making a claim [under § 974.06] that could have been raised previously unless he [or she] shows a sufficient reason for not making the claim earlier." *State v. Romero-Georgana*, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668.   Whether a defendant has alleged a sufficient reason for failing to raise an available claim earlier is a question of law that we independently review. *Id.*, ¶30.   The question before us is whether Gilliam has asserted a sufficient reason for not raising his § 974.06 claim for a new trial based on newly-discovered evidence earlier. *See* WIS. STAT. § 974.06(4).[5]

---

[4] We reject Gilliam's argument that the State forfeited an *Escalona-Naranjo* challenge by failing to raise it at the circuit court.  This court has concluded that the State's failure to argue the *Escalona-Naranjo* procedural bar at the circuit court does "not prohibit this court from considering it on appeal[.]"  *State v. Crockett*, 2001 WI App 235, ¶1, 248 Wis. 2d 120, 635 N.W.2d 673.

[5] WISCONSIN STAT. § 974.06(4) provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion.  Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

¶8 As stated, the *Escalona-Naranjo* bar interprets and applies to claims brought pursuant to WIS. STAT. § 974.06. However, a motion for sentence modification is based on the circuit court's inherent authority and is not made within the postconviction procedure under § 974.06. *Smith v. State*, 85 Wis. 2d 650, 661, 271 N.W.2d 20 (1978) (concluding that sentencing modification is based on the court's exercise of discretion and therefore cannot be raised under § 974.06); *State v. Grindemann*, 2002 WI App 106, ¶19 n.4, 255 Wis. 2d 632, 648 N.W.2d 507 (concluding that a sentence modification claim does not come within § 974.06). Therefore, we address Gilliam's § 974.06 new trial claim based on newly-discovered evidence and his sentence modification claim based on new factors separately and in turn.

¶9 The record reflects that Gilliam was diagnosed with PTSD in March 1998, approximately eight months after his conviction. Gilliam submitted a report from a psychiatrist working with the Department of Corrections (DOC) that reviewed his history and his experiences witnessing his mother's murder by his stepfather when he was twelve. Gilliam now presents an evaluation from another psychiatrist, Dr. Manuel Saint Martin, dated February 2022, in which Dr. Saint Martin diagnosed Gilliam with C-PTSD. In his evaluation, Dr. Saint Martin noted that Gilliam had experienced severe psychologically stressful events including domestic violence, the murder of his mother, and being robbed at gunpoint. Dr. Saint Martin stated that "Gilliam's brain was not fully matured when he shot … Lucas." Gilliam argues that if Dr. Saint Martin were presented as an expert witness in a new trial, he could discuss how C-PTSD affected Gilliam's fear response and his ability to make reasoned decisions and not react impulsively.

¶10 The State argues that Gilliam fails to present a sufficient reason for overcoming the bar on successive postconviction litigation. Gilliam's PTSD

diagnosis was made and recognized by DOC in 1998, a year before his direct appeal in 1999 and eighteen years before his second WIS. STAT. § 974.06 postconviction motion in 2016. The record reflects that Dr. Saint Martin distinguished the C-PTSD diagnosis from the PTSD diagnosis, but also stated that Gilliam received appropriate and beneficial psychological treatment from DOC "because it focused on his symptoms of chronic post-traumatic stress disorder and family difficulties." Gilliam does not posit that C-PTSD was an unknown condition at the time of his first two postconviction motions.

¶11 We conclude that Gilliam has not presented a sufficient reason to overcome the procedural bar stated in WIS. STAT. § 974.06. Accordingly, we conclude that Gilliam's newly-discovered evidence claim fails and affirm the circuit court's order denying him postconviction relief as to that claim.

¶12 Turning to Gilliam's claim that a new factor supports sentence modification, he argues that sentence modification is warranted based on two new factors: his C-PTSD diagnosis, and new science regarding young adult brain development. A Wisconsin circuit court has "inherent authority to modify criminal sentences" upon a showing of a "new factor." *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted and one set of quotation marks omitted). A new factor is a "fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶13 A motion for sentence modification requires a two-step inquiry. First, the defendant must "demonstrate by clear and convincing evidence the

existence of a new factor." ***Harbor***, 333 Wis. 2d 53, ¶36. This is a question of law we independently review. ***Id.*** Second, the circuit court must determine whether sentence modification is justified. ***Id.***, ¶37. We review the court's discretionary determination for an erroneous exercise of discretion. ***Id.***

¶14 First, Gilliam argues that the circuit court could not have known about Gilliam's C-PTSD diagnosis because the PTSD diagnosis was not made until eight months after his conviction. Gilliam concedes that the circuit court was informed of Gilliam's trauma of witnessing his mother's murder, but he asserts that the court was not informed of the "sentencing relevance" of the trauma of that event. Further, Gilliam argues that his undiagnosed (and thus untreated) C-PTSD was relevant to the sentence because it speaks to the degree of his culpability, his character, and his prospects for rehabilitation, all factors a sentencing court must consider.

¶15 The record reflects that Gilliam's mental health and trauma were discussed prior to sentencing. The circuit court was aware of this information, even if the court did not interpret it as Gilliam would like. As the court described in its postconviction decision, "[l]abeling the trauma with a new diagnosis does not render that information new[.]" We conclude that, by the time of the sentencing hearing, the court was adequately informed about Gilliam's mental health and therefore the current C-PTSD diagnosis is not a new factor for sentence modification.

¶16 Second, Gilliam argues that the new scientific research on young adult brain development is a new factor not considered at his sentencing, relying upon ***Montgomery v. Louisiana***, 577 U.S. 190 (2016); ***Miller v. Alabama***, 567 U.S. 460 (2012); ***Graham v. Florida***, 560 U.S. 48 (2010); and ***Roper v. Simmons***,

543 U.S. 551 (2005). However, our supreme court has concluded that scientific research in this vein does not constitute a new factor when the science was known at the time of sentencing. *State v. Ninham*, 2011 WI 33, ¶¶87, 93 333 Wis. 2d 335, 797 N.W.2d 451. *Ninham* identifies a 1988 United States Supreme Court decision acknowledging differences between adolescent and adult offenders. Therefore, when Gilliam was sentenced in 1998, the concerns about the culpability of the adolescent and young adult brain were known. The scientific research is not new and, therefore, it is not a new factor. Therefore, we conclude that Gilliam's sentencing modification claim fails.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.