COURT OF APPEALS
DECISION
DATED AND FILED

December 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP449**

STATE OF WISCONSIN

Cir. Ct. No. 2013CF746

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DAVID G. DUDAS,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Outagamie County: TAMMY JO HOCK, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Neubauer, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. David G. Dudas appeals from a circuit court order denying his WIS. STAT. § 974.06 (2021-22)[1] postconviction motion without a hearing. Because we conclude that all of the ineffective assistance of counsel claims in Dudas' motion are either procedurally barred, insufficiently pled, or brought in the wrong forum, we affirm the court's order.

## BACKGROUND

¶2 Dudas was convicted, following a jury trial, of fourteen counts of second-degree sexual assault by use of force; eleven counts of strangulation and suffocation; and one count each of first-degree sexual assault, second-degree reckless injury, substantial battery, misdemeanor intimidation of a witness, and misdemeanor battery, based on acts he committed against his then-wife, Jane.[2] The facts underlying the convictions in this case were set forth in our prior decision affirming the convictions on direct appeal; therefore, we will not repeat them here. *See State v. Dudas* (*Dudas I*), No. 2016AP2443-CR, unpublished slip op. ¶¶3-27 (WI App Feb. 18, 2020).[3]

¶3 On September 9, 2021, Dudas filed the WIS. STAT. § 974.06 postconviction motion that is the subject of this appeal. He later filed an amended motion, comprising seventy-five pages of arguments. Thereafter, the circuit court

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86, we used this pseudonym to refer to the victim in our prior decision, and we will do so in this decision as well.

[3] We cite this unpublished, per curiam decision simply for background information and for the law of the case. *See* WIS. STAT. RULE 809.23(3). Our supreme court denied Dudas' petition for review of this decision on June 16, 2020.

sent a letter directing that the motion be reduced to no more than twenty-five pages.[4] Dudas filed a second amended motion, which complied with the court's page limit.

¶4     That second amended motion argued ten claims for ineffective assistance of trial counsel, postconviction counsel, and appellate counsel.[5] The State responded to Dudas' second amended motion, and the circuit court eventually denied the motion without a hearing. The court concluded that Dudas' claims were procedurally barred because they were previously litigated, that Dudas failed to develop an argument that postconviction counsel was constitutionally ineffective, and/or that Dudas' arguments concerning appellate counsel were required to be litigated in this court, rather than the circuit court. Dudas appeals.

## DISCUSSION

¶5     In this appeal, Dudas asserts that he is entitled to a hearing on his WIS. STAT. § 974.06 postconviction motion and that the circuit court erred by

---

[4] We note that it does not appear that the circuit court's first letter, dated February 17, 2022, was included in the record on appeal. The court's second letter, dated May 23, 2022, was included in the record. That letter clarified that the court "did not order [Dudas] to *abandon arguments* to meet the page limit." The court concluded the letter by stating that "[t]he [c]ourt is again directing that [Dudas' motion] be reduced to no more than twenty-five pages. If the [motion] is not reduced to meet the page limit, then the [c]ourt will consider the first twenty-five pages [of the original motion]."

[5] For ease of reading, we will refer to the attorneys who represented Dudas during his jury trial as "trial counsel." After trial, Dudas retained counsel to file his WIS. STAT. § 974.02 motion and his first notice of appeal with this court, and we will refer to this attorney as "postconviction counsel." After postconviction counsel withdrew from representing Dudas during the pendency of his first appeal, Dudas retained new counsel to represent him on appeal, whom we will call "appellate counsel." As the Honorable Tammy Jo Hock presided over both Dudas' trial and all postconviction proceedings, we will refer to Judge Hock as "the circuit court."

denying him one. The State disagrees, arguing that Dudas' "arguments are all forfeited, procedurally barred if not forfeited, or raised in the wrong forum."

¶6 Generally, a defendant is barred from raising claims in a WIS. STAT. § 974.06 motion that were or could have been raised on direct appeal or in a previous § 974.06 motion unless he or she presents a "sufficient reason" for failing to raise those claims previously or failing to do so adequately. *See* § 974.06(4); ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994). A defendant is not entitled to relief on claims that are procedurally barred. *See **State v. Romero-Georgana***, 2014 WI 83, ¶71, 360 Wis. 2d 522, 849 N.W.2d 668. It is the defendant's burden to show the existence of a sufficient reason. ***State v. Crockett***, 2001 WI App 235, ¶10 n.3, 248 Wis. 2d 120, 635 N.W.2d 673. Further, a "matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Whether the claims raised in Dudas' § 974.06 motion are procedurally barred is a question of law that we review de novo. *See **State v. Thames***, 2005 WI App 101, ¶10, 281 Wis. 2d 772, 700 N.W.2d 285.

¶7 "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." ***Romero-Georgana***, 360 Wis. 2d 522, ¶36. However, "if the defendant fails to allege why and how his [or her] postconviction counsel was constitutionally ineffective—that is, if the defendant asserts a mere conclusory allegation that his [or her] counsel was ineffective—his [or her] 'reason' is not sufficient." *Id.* Further, a defendant must demonstrate that the new claims are "clearly stronger" than the claims that postconviction counsel previously presented. *Id.*, ¶¶45-46.

¶8      In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought.  ***State v. Allen***, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433.  "Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant to a hearing for the relief requested is a mixed standard of review."  ***Id.***, ¶9.  We first determine whether the motion on its face alleges sufficient material facts—"e.g., who, what, where, when, why, and how"—that, if true, would entitle the defendant to the relief he or she seeks.  ***Id.***, ¶¶9, 36.  This question is one of law that we review de novo.  ***State v. Bentley***, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996).  If the motion raises sufficient material facts, the circuit court *must* hold an evidentiary hearing.  ***Id.*** at 310.

¶9      If, however, "the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing."  ***Allen***, 274 Wis. 2d 568, ¶9.  The circuit court's discretionary decisions are reviewed "under the deferential erroneous exercise of discretion standard."  ***Id.***

¶10     On appeal, Dudas presents several claims of ineffective assistance of trial, postconviction, and appellate counsel for our review.  Absent one, Dudas asserts the same claims that he brought in his second amended WIS. STAT. § 974.06 motion before the circuit court.[6]  For the reasons that follow, we

---

[6] Dudas has abandoned his claim that "[trial counsel] was ineffective for failing to object to [the sheriff's deputy's] hearsay statements in proving 12 of the 31 counts" after the State elicited testimony based on the deputy's summaries of what he observed on videos of Jane and Dudas.  *See* ***A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").

(continued)

conclude that all of Dudas' claims are procedurally barred, insufficiently developed, or brought in the wrong forum. Therefore, because the record conclusively demonstrates that Dudas is not entitled to relief, we also conclude that the circuit court did not erroneously exercise its discretion by denying Dudas' motion without a hearing.

## I. Jane's cross-examination

¶11 Dudas raises two arguments regarding Jane's cross-examination. First, Dudas argues that trial counsel provided ineffective assistance by failing to object on confrontation clause grounds to the circuit court's limitation of Jane's cross-examination.[7] During cross-examination, trial counsel asked Jane whether the sexual assaults occurred only during the charging period or also before the charging period, and the State objected. In response, trial counsel claimed an exception to the rape shield statute based on the evidence being Jane's past sexual conduct with Dudas. *See* WIS. STAT. § 972.11(2)(b)1. Trial counsel also specifically argued that Dudas had a "right to present [a] defense under *Chambers*

---

Some of the claims Dudas made against postconviction and appellate counsel in his seventy-five-page amended motion also were not repeated in his second amended motion. On appeal, the State argues that Dudas' failure to repeat these claims results in him forfeiting them. Dudas answers in reply that "the [circuit] court did not reject Dudas' amended postconviction motion" and that therefore the State is incorrect.

While it is true that the circuit court did not strike Dudas' amended motion, the court only considered the second amended motion after asking Dudas to argue his claims more efficiently. *See supra* note 4. Thus, to the extent that Dudas relies on any claims or arguments developed in his amended motion and not repeated in his second amended motion, the circuit court did not consider those, and neither will we. *See State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433.

[7] "The Confrontation Clauses of the United States and Wisconsin Constitutions guarantee criminal defendants the right to confront the witnesses against them." *State v. Hale*, 2005 WI 7, ¶43, 277 Wis. 2d 593, 691 N.W.2d 637; U.S. CONST. amend. VI; WIS. CONST. art. I, § 7.

*v. Mississippi*[, 410 U.S. 284 (1973)]." In this appeal, Dudas now asserts that rather than arguing the right to present a defense, trial counsel should have framed the issue as a confrontation clause violation and that the failure to do so constitutes ineffective assistance.

¶12 We conclude that this issue has already been litigated and is, therefore, barred under *Witkowski*. In *Dudas I*, we reached the merits of whether the "circuit court erred by limiting [Dudas'] right to cross-examine Jane and present 'other evidence regarding prior BDSM sex during their twenty-four year marriage,'" despite acknowledging that Dudas had forfeited the argument—on confrontation clause grounds—by failing to raise it in the circuit court. *Dudas I*, No. 2016AP2443-CR, ¶¶39, 43-45. We specifically explained that "the right to confront a witness and the right to present a defense are 'opposite sides of the same coin,' insomuch as they grant a defendant a right to present evidence." *Id.*, ¶46 (citation omitted). We further determined that "any probative value that Jane's past sexual conduct with Dudas had toward whether she consented to the acts with which Dudas was charged was far outweighed by its inflammatory and prejudicial nature" and "could confuse the jury." *Id.*, ¶¶49-50. Thus, we concluded that the court committed no constitutional error by limiting Jane's cross-examination. *Id.*, ¶50.

¶13 Dudas now argues, however, that "[t]he issue raised [in *Dudas I*] was that the [circuit] court limited Dudas'[] right to confrontation by limiting cross-examination. The issue in Dudas'[] [second amended] motion was that *trial counsel* failed to argue the right to confrontation applied when the court limited Dudas's cross-examination. The issue has never been litigated."

¶14 Dudas appears to misunderstand the law on this issue. The error complained of in **Dudas I** was that Dudas' cross-examination of Jane was improperly limited. On that issue, we determined that Dudas' constitutional rights were not violated; therefore, that issue has already been litigated and our decision is the law of the case. *See* **State v. Jensen**, 2021 WI 27, ¶13, 396 Wis. 2d 196, 957 N.W.2d 244 ("The law of the case is a 'longstanding rule' that requires courts to adhere to an appellate court's ruling on a legal issue 'in all subsequent proceedings in the trial court or on later appeal.'" (citation omitted)).

¶15 The fact that this court concluded in **Dudas I** that Dudas had forfeited his confrontation clause argument was not an invitation for Dudas to raise an ineffective assistance of trial counsel challenge on that basis. In fact, we likely reached the merits of the issue, in part, to avoid any lingering questions as to whether that issue was a basis for future litigation because if there was no circuit court error, trial counsel could not have performed deficiently by failing to argue an error that did not exist. *See* **State v. Wheat**, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441.

¶16 Dudas' second argument regarding Jane's cross-examination is that trial counsel made an "improper argument against" the rape shield statute. However, Dudas' arguments on this point are both unclear and undeveloped. *See* **State v. Pettit**, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to address undeveloped arguments). Dudas first asserts that "[t]rial counsel failed to properly argue against the [circuit] court's misapplication of" **State v. Mordica**, 168 Wis. 2d 593, 484 N.W.2d 352 (Ct. App. 1992). (Formatting altered.) Citing **Mordica** generally, without including a pinpoint citation, Dudas states that "[p]rejudice is assessed against the non-moving party" and that "[a] finding of prejudice to the party proponent would not represent grounds to deprive

the party proponent of the ability to introduce evidence relative to a matter the party proponent seeks to introduce." Dudas does not, however, discuss the holding of *Mordica* or how that case applies here, identify where in the record the circuit court even discussed *Mordica*, or otherwise develop an argument as to why the court's alleged application of that case was incorrect.

¶17 Beyond mentioning *Mordica*, Dudas' briefing regarding the rape shield statute issue also asserts that "[t]rial counsel failed to properly argue the prejudice component of the balancing test in admitting evidence." Dudas does not identify which balancing test he is referencing. *But see Dudas I*, No. 2016AP2443-CR, ¶42 (discussing the three-part showing discussed in *State v. DeSantis*, 155 Wis. 2d 774, 785, 456 N.W.2d 600 (1990)); *State v. Jackson*, 216 Wis. 2d 646, 657-59, 575 N.W.2d 475 (1998). Nevertheless, according to Dudas, evidence of Jane's past sexual conduct with Dudas was "relevant to the question of consent in the sexual assault charges, as well as relevant to the plausibility of [Jane]'s narrative" and "comported with the statutory exception for such testimony under the [r]ape [s]hield law." Therefore, Dudas contends that "[t]rial counsel's failure to raise an objection to the [circuit] court's misapplication of the balancing test was deficient performance."

¶18 Even if we were to ignore Dudas' failure to properly develop this argument, *see Pettit*, 171 Wis. 2d at 646-47, we conclude that this argument has also been previously litigated. As noted above, we addressed issues regarding Jane's cross-examination in *Dudas I*. There, we stated that "[t]he gist" of one of Dudas' arguments was that the circuit court "misapplied" the *DeSantis* prongs. *Dudas I*, No. 2016AP2443-CR, ¶47. Ultimately, we concluded:

> Dudas fell far short of showing that the evidence he sought to admit satisfied the third *DeSantis* prong. Any testimony that Jane would have given regarding nonconsensual sex

> prior to the charged time frame would have been highly prejudicial to Dudas, and the court reasonably concluded that it could confuse the jury.

*Id.*, ¶50. Thus, trial counsel was not ineffective for failing to make a meritless argument. *See Wheat*, 256 Wis. 2d 270, ¶14.

¶19 Dudas also contends that postconviction and appellate counsel were both constitutionally ineffective for "failing to properly argue against the [circuit c]ourt's incorrect analysis in barring evidence of [Jane] and Dudas'[] sexual history." In terms of postconviction counsel, just like Dudas' claim against trial counsel, this claim has already been litigated and decided. Given that trial counsel did not provide ineffective assistance on this issue, postconviction counsel did not perform deficiently by failing to raise trial counsel's alleged ineffectiveness. *See State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶20 Dudas also argues that "[a]ppellate counsel failed to raise this issue in his briefs," but, as we noted above, we addressed the issue in *Dudas I*. There, appellate counsel argued that "[t]he [circuit] court's ruling violated [Dudas'] right to present evidence under a recognized exception to Wisconsin's rape shield law on the issue of [Jane]'s consent." On this issue, Dudas' current briefing before this court is unclear, but we believe that his concern regarding appellate counsel is merely the rephrasing of the same argument: whether the circuit court properly disallowed evidence of Jane's past sexual conduct with Dudas under the rape shield law. Thus, we conclude that appellate counsel argued this issue before us in *Dudas I*, and the issue has been litigated and decided. Dudas' arguments appear to merely take issue with our previous conclusion in *Dudas I*, but Dudas may not utilize a WIS. STAT. § 974.06 motion as a vehicle to challenge our prior decision.

## II. Benign video content

¶21     Dudas next argues that he received ineffective assistance when trial counsel failed to impeach Jane with "benign video content."  Specifically, Dudas identifies "clips of Dudas and [Jane] conversing, flirting, and [Jane] engaging in raunchy sex talk," which Dudas argues "was necessary to chip at [Jane's] credibility, as she apparently had horrific sex to which she did not consent, whereas a few minutes prior she chatted with her abuser, engaging in foreplay." Trial counsel testified at the previous postconviction hearing that "he believed the jury had reached a saturation point with the graphic content," but Dudas asserts that trial counsel should have introduced still images of the sex acts or transcripts of the dirty talk to "circumvent the concern about juror sensitivity."  Dudas also contends that "[t]rial counsel recognized the importance of playing the videos when he objected to the State failing to play the videos in full under the rule of completeness."[8]  According to Dudas, "[b]ecause trial counsel failed to play the videos in full, he performed deficiently," and had the jury seen the full videos, "there was a reasonable likelihood that jurors would have found [Jane] uncredible [sic]."

¶22     We agree with the circuit court's conclusion that this issue has already been litigated and is barred by *Witkowski*.  As Dudas admits, postconviction counsel specifically argued that trial counsel was ineffective for not playing the full videos introduced by the State; for not cross-examining Jane with

---

[8] The rule of completeness allows the circuit court to permit the presentation of an entire statement "to tell the whole story that was partially told by the opposing party [as] an issue of logical relevance and fairness."  *State v. Eugenio*, 219 Wis. 2d 391, 407-10, 579 N.W.2d 642 (1998).

more videos; and for not introducing even more cards, letters, and a 2012 Christmas video, all in an effort to impeach Jane's credibility. The circuit court determined that trial counsel did not perform deficiently based on his strategic decisions on these matters. Appellate counsel then did not include this issue in Dudas' previous appeal to this court. This claim was litigated, Dudas did not appeal the court's denial of this claim, and, therefore, he may not assert it again here. *See State v. Crockett*, 2001 WI App 235, ¶12, 248 Wis. 2d 120, 635 N.W.2d 673 (concluding that the defendant's argument was barred under *Witkowski* because "Crockett raised this claim in his initial postconviction motion, but the motion was denied and Crockett failed to appeal the issue").

¶23 Dudas claims, however, that postconviction counsel provided ineffective assistance by not adequately raising the rule of completeness in his first postconviction motion. Dudas' arguments on this point are entirely conclusory and do not allege sufficient material facts, *see Allen*, 274 Wis. 2d 568, ¶¶9, 36, and to the extent he attempts to develop this issue in his reply brief, his arguments come too late, *see A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). Regardless, he also fails entirely to allege how or why the rule of completeness claim is "clearly stronger" than the claims that postconviction counsel did present. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4.

¶24 Finally, Dudas faults appellate counsel for failing to present the above issues in Dudas' first appeal to this court. In particular, Dudas asserts that appellate counsel should have "returned to the [circuit] court to develop the rule of completeness argument," and he belatedly complains within this argument that appellate counsel did not develop the confrontation clause and right to present a defense arguments either.

12

¶25 On this issue, we conclude that Dudas' claims against appellate counsel were brought in the wrong forum. As our supreme court has previously explained, "[i]f the acts or omissions that constitute alleged ineffective assistance of counsel took place in the circuit court, then the circuit court is the proper forum for such claims to be filed in the first instance," whereas "alleged errors occurring in an appellate court are best addressed in the appellate court where the alleged error occurred." *State ex rel. Warren v. Meisner*, 2020 WI 55, ¶36, 392 Wis. 2d 1, 944 N.W.2d 588.

¶26 Here, Dudas asserts that appellate counsel provided ineffective assistance by choosing not to raise *before this court* some of the issues that were originally brought by postconviction counsel and decided by the circuit court. Thus, Dudas' arguments clearly involve appellate counsel's alleged errors that occurred specifically within this court. Whether appellate counsel's alleged ineffective assistance constitutes a sufficient reason for failing to raise those claims previously on appeal is a question that must be brought before this court by filing a petition pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), not via a WIS. STAT. § 974.06 motion.[9]

## III. WIS. STAT. § 940.235(1)

¶27 Dudas next raises two arguments regarding trial counsel's alleged failure to properly challenge the constitutionality of WIS. STAT. § 940.235(1). Section 940.235(1) criminalizes "intentionally imped[ing] the normal breathing or

---

[9] As with his claim against postconviction counsel, Dudas also fails to allege, much less demonstrate, that his current rule of completeness argument is "clearly stronger" than the claims that appellate counsel actually brought. *See State v. Romero-Georgana*, 2014 WI 83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668.

circulation of blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." The statute has no consent element, which could otherwise serve as a defense to conviction. In his first argument, Dudas asserts that trial counsel provided ineffective assistance because he failed to argue before the circuit court that § 940.235(1) was, on its face, both unconstitutionally overbroad and vague.[10]

¶28 In support of his position, Dudas cites *State v. Stevenson*, 2000 WI 71, ¶¶22, 41, 236 Wis. 2d 86, 613 N.W.2d 90, where our supreme court determined that WIS. STAT. § 944.205(2)(a) (1997-98)—a statute that prohibited taking a photograph or video depicting nudity without the knowledge and consent of the person who is depicted nude—was unconstitutionally overbroad on its face because it prohibited protected expression under the First Amendment by "indiscriminately cast[ing] a wide net over expressive conduct" and was not susceptible to a limiting construction. According to Dudas, WIS. STAT. § 940.235(1) is similarly overbroad because it "criminalizes consensual, momentary strangulation."

---

[10] "A statute is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to constitutionally protected conduct which the state is not permitted to regulate." *Larson v. Burmaster*, 2006 WI App 142, ¶26, 295 Wis. 2d 333, 720 N.W.2d 134 (citation omitted). "The concept of vagueness is based on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication." *Id.*, ¶29. Statutes regulating conduct must "give adequate notice of what is prohibited, so as not to delegate 'basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis.'" *Id.* (citation omitted).

¶29 Appellate counsel challenged the constitutionality of WIS. STAT. § 940.235(1) on these grounds in ***Dudas I***.[11] ***Dudas I***, No. 2016AP2443-CR, ¶37. We determined, however, that Dudas had forfeited his argument by failing to argue before the circuit court that the statute was vague and overbroad. ***Id.*** In particular, we explained that Dudas challenged the circuit court's decision not to accept his requested modification to WIS JI—CRIMINAL 1255. ***Dudas I***, No. 2016AP2443-CR, ¶28. We explained that Dudas did so by citing ***Lawrence v. Texas***, 539 U.S. 558 (2003), and by "ma[king] a cursory assertion that by failing to instruct the jury on nonconsent, the court would 'improperly broaden[] the scope of the statute, and create[] criminal liability for acts that are not criminal.'" ***Dudas I***, No. 2016AP2443-CR, ¶37 (alterations in original; citation omitted). As we pointed out, however, ***Lawrence*** "did not discuss the doctrines of vagueness or overbreadth"; thus, we concluded that "Dudas deprived the circuit court of notice [and] a fair opportunity to address his objection." ***Dudas I***, No. 2016AP2443-CR, ¶37. Consequently, despite the fact that we did not reach the merits of Dudas' claim that § 940.235(1) is vague and overbroad, the claim is still barred by ***Witkowski***. *See **Witkowski***, 163 Wis. 2d at 990.

¶30 To the extent that Dudas asserts that we should consider his challenge based on trial counsel's failure to properly raise the issue in the circuit court, which led to the forfeiture, we disagree. As the State argued before the circuit court, for Dudas to show that trial counsel performed deficiently in this

---

[11] Although appellate counsel challenged WIS. STAT. § 940.235(1) on overbreadth and vagueness grounds before this court, Dudas argues that appellate counsel erred by failing to argue that postconviction counsel performed deficiently by not raising these arguments before the circuit court. Again, any argument on this point involves appellate counsel's alleged errors occurring before this court and must be brought by a petition pursuant to ***State v. Knight***, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

regard, he needed to demonstrate that trial counsel failed to raise an issue of settled law. *See State v. Breitzman*, 2017 WI 100, ¶49, 378 Wis. 2d 431, 904 N.W.2d 93. In *Breitzman*, our supreme court explained:

> [F]or trial counsel's performance to have been deficient, Breitzman would need to demonstrate that counsel failed to raise an issue of settled law. "[F]ailure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." Rather, "ineffective assistance of counsel cases should be limited to situations where the law or duty is clear …."

*Id.* (second alteration in original; citations omitted). Dudas does not argue before this court that the question of whether WIS. STAT. § 940.235(1) is constitutionally vague and overbroad is settled law. We agree with the State and the circuit court that it is not.

¶31 On appeal, Dudas responds to the argument that whether WIS. STAT. § 940.235(1) is vague and overbroad is not settled law by making a conclusory assertion that "[t]he constitutionality of a statute is best addressed by a lawmaking court, not a fact-finding court" and that "*Breitzman* does not address this scenario." He attempts to draw a distinction between trial counsel failing to challenge the constitutionality of the statute as vague and overbroad and trial counsel "failing to preserve the issue for a higher court to review." Dudas, however, both neglects to explain why *Breitzman*'s holding would be inapplicable here and fails to cite legal authority in support of his claim that failing to argue an unsettled issue of law is different from failing to preserve an argument about an unsettled issue. Therefore, we will not further address these arguments. *See Papa v. DHS*, 2020 WI 66, ¶42 n.15, 393 Wis. 2d 1, 946 N.W.2d 17 (declining to address an underdeveloped argument); *Pettit*, 171 Wis. 2d at 646.

¶32     Because the law is not settled and counsel's duty regarding a challenge to WIS. STAT. § 940.235(1) on the grounds of vagueness and overbreadth is unclear, trial counsel did not provide ineffective assistance by failing to raise the issue before the circuit court.  And, as a result, postconviction counsel was also not constitutionally ineffective for failing to bring a claim of ineffective assistance against trial counsel on this basis.  *See Ziebart*, 268 Wis. 2d 468, ¶15.

¶33     Dudas' second argument related to WIS. STAT. § 940.235(1) is that the statute is also unconstitutional under *Lawrence*.  Accordingly, Dudas contends that trial counsel was ineffective for failing to challenge the constitutionality of the statute based on *Lawrence* because "[b]rief, consensual strangulation is not the inherently dangerous conduct considered in *Lawrence*."  In his briefing, Dudas explains that "[t]rial counsel raised the argument that the jury must be instructed that consent is a defense to strangulation during sex."  Dudas claims, however, that trial counsel "failed to file any motions challenging the constitutionality of the statute at play."  Dudas also asserts that postconviction counsel failed to raise constitutional challenges to the statute under *Lawrence* because he "recognized there was a right to present a defense but failed to frame the argument as an impingement on Dudas'[] right to engage in consensual sexual activity under *Lawrence*."

¶34     The problem with Dudas' claim is that appellate counsel *did* challenge the constitutionality of WIS. STAT. § 940.235(1) based on *Lawrence*, and we specifically addressed this claim.  *Dudas I*, No. 2016AP2443-CR, ¶¶29-31.  We explicitly held that § 940.235(1) was not unconstitutional under *Lawrence* because "the conduct at issue in this case—and that is regulated by … § 940.235(1)—clearly involves persons who 'might be injured'" because

"strangulation is inherently dangerous." *Dudas I*, No. 2016AP2443-CR, ¶¶31-35 (citing *Lawrence*, 539 U.S. at 578). Thus, we concluded that the State "did not prosecute Dudas for engaging in consensual BDSM sex; it prosecuted him for intentionally impeding Jane's breathing by forcing her to keep his penis and fingers in her throat until she gagged and vomited, by putting his hand around her neck, and by forcing a pillow over her head." *Id.*, ¶35.

¶35    As a result, we agree with the State and the circuit court that Dudas' claim—namely, that trial counsel was ineffective for failing to challenge WIS. STAT. § 940.235(1) under *Lawrence*—is barred as both previously litigated and barred by the law of the case doctrine. *See Witkowski*, 163 Wis. 2d at 990; *State v. Moeck*, 2005 WI 57, ¶18, 280 Wis. 2d 277, 695 N.W.2d 783 (law of the case). We are not persuaded by Dudas' attempts to recharacterize this challenge. Dudas' actions against Jane are not protected under *Lawrence*; therefore, neither trial counsel nor postconviction counsel provided ineffective assistance by failing to challenge the statute's constitutionality on that basis. *See Wheat*, 256 Wis. 2d 270, ¶14.

**IV. Jury unanimity**

¶36    Dudas next asserts that trial counsel, postconviction counsel, and appellate counsel all provided ineffective assistance with regard to the issue of juror unanimity. "The Wisconsin Constitution's guarantee of the right to trial by jury includes the right to a unanimous verdict with respect to the ultimate issue of guilt or innocence." *State v. Johnson*, 2001 WI 52, ¶11, 243 Wis. 2d 365, 627 N.W.2d 455. "However, '[u]nanimity is required only with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged, [it] is not required with respect to the alternative means or ways in which the crime can be

committed.'" ***State v. Badzinski***, 2014 WI 6, ¶28, 352 Wis. 2d 329, 843 N.W.2d 29 (alterations in original; citation omitted).

¶37     Essentially, as it pertains to the facts of this case, Dudas argues that "the jury could render a verdict on two counts regarding one criminal act."  Dudas admits that trial counsel recognized this issue and requested the instruction for juror unanimity—WIS JI—CRIMINAL 517—with respect to the first-degree sexual assault, second-degree reckless injury, and substantial battery with intent to cause bodily harm charges.  Dudas faults the circuit court for rejecting trial counsel's request and attempts to distinguish the case law relied on by the court.  Dudas also explains that trial counsel objected to the verdict forms on this basis, but trial counsel withdrew his objection to the verdict forms, which Dudas asserts was "prejudicially deficient."  Finally, Dudas claims that trial counsel erred because if the verdict forms and amended Information had provided more detail, "there is a reasonable probability the jury would have acquitted."

¶38     As it pertains to postconviction counsel, Dudas concedes that "[p]ostconviction counsel raised a few claims of trial counsel's ineffectiveness with respect to the jury instructions," but Dudas contends that postconviction counsel "failed to raise the claim of jury unanimity through ineffective assistance of trial counsel."  As it pertains to appellate counsel, Dudas also claims that appellate counsel "failed to raise the issue as one of ineffective assistance of [trial and postconviction] counsel," which resulted in "this [c]ourt deem[ing] his arguments on duplicitous charges and unanimity forfeited."  According to Dudas, "[h]ad appellate counsel properly raised and properly filed the jury unanimity claim," "there is a reasonable likelihood appellate counsel would have prevailed."

¶39 Dudas' arguments as to juror unanimity are all procedurally barred because this issue was also raised and decided in ***Dudas I***. ***Dudas I***, No. 2016AP2443-CR, ¶¶60-63. There, Dudas argued "the [circuit] court erred by declining to read the jury unanimity instruction, WIS JI—CRIMINAL 517" because "the evidence presented numerous alternative theories of sexual contact and bodily harm," and, therefore, "it is unclear whether the jury unanimously agreed 'about what *actus reus* and/or injury resulted in their verdict' on those counts." ***Dudas I***, No. 2016AP2443-CR, ¶60. We rejected Dudas' argument on the basis that WIS JI—CRIMINAL 517 is an optional jury instruction, and therefore a "[f]ailure to give that instruction in an appropriate case is not trial court error." *See **State v. Marcum***, 166 Wis. 2d 908, 918 n.3, 480 N.W.2d 545 (Ct. App. 1992); ***Dudas I***, No. 2016AP2443-CR, ¶61. We also concluded that the charged acts that occurred on July 21, 2013, were part of a "continuing course of conduct," and, as such, "jury unanimity 'is not required with respect to the alternative means or ways in which the crime can be committed.'" ***Dudas I***, No. 2016AP2443-CR, ¶62 (quoting ***Badzinski***, 352 Wis. 2d 329, ¶28). Thus, our conclusion that "Dudas' right to a unanimous jury was not violated" is the law of the case, *see **Dudas I***, No. 2016AP2443-CR, ¶63; ***Moeck***, 280 Wis. 2d 277, ¶18, and Dudas' present claims are procedurally barred.

¶40 As for postconviction and appellate counsel, we first note that Dudas failed to argue that either was ineffective in his WIS. STAT. § 974.06 motion before the circuit court. *See **A.O. Smith Corp.***, 222 Wis. 2d at 491. Even if we were to consider Dudas' claims against postconviction counsel, Dudas fails to assert why his current claim regarding jury unanimity is "clearly stronger" than the claims that postconviction counsel did present. *See **Romero-Georgana***, 360 Wis. 2d 522, ¶4. Further, Dudas' arguments in this appeal, seeking to distinguish the case law,

merely demonstrate his disagreement with our decision in *Dudas I*. In terms of the verdict forms and amended Information, Dudas fails to differentiate and develop a separate argument on jury unanimity apart from his previous argument regarding WIS JI—CRIMINAL 517. Again, Dudas merely rephrases an issue that we previously determined was meritless by framing that issue under the ineffective assistance of counsel rubric, rather than as circuit court error. *See Wheat*, 256 Wis. 2d 270, ¶14; *Witkowski*, 163 Wis. 2d at 990.

## V. Greeting cards, photos, and timeline of events

¶41    Next, Dudas argues that trial counsel was ineffective for, in the words of the circuit court, failing "to establish a demonstrative timeline that contrasted the greeting cards and the family photos with the conduct underlying the charges during the charging period" and failing to "call other witnesses whose testimony would have cast doubt on [Jane]'s narrative." Dudas acknowledges, however, that trial counsel did introduce evidence of this nature at trial.[12] Dudas nevertheless claims that more evidence and witness testimony "would have addressed the concerns about [Jane]'s credibility and the plausibility of her narrative."

¶42    This claim was already litigated in Dudas' first postconviction motion. Dudas concedes that postconviction counsel raised this claim in his first postconviction motion, and the circuit court denied the claim. Appellate counsel

---

[12] Trial counsel introduced three cards from Jane to Dudas and three photographs of Jane and Dudas. Trial counsel also attempted to introduce a 2012 Christmas video made by Jane for Dudas, in which Jane "indicat[ed] he was a good father and husband." The State objected to playing the Christmas video in its entirety, arguing that it was cumulative and that Jane had testified that she made the video. The circuit court sustained the State's objection, but it allowed the video to be entered into evidence and allowed questioning about the video.

then either failed to appeal this issue or chose not to do so.[13]  Thus, the claim is barred by ***Witkowski***.  *See **Crockett***, 248 Wis. 2d 120, ¶12.

¶43     To the extent Dudas now claims that trial counsel was ineffective for not creating a "timeline," which he argues "would have included activities depicted in the photos, including family vacations, parties, school activities of the children, outdoor recreational activities with the Dudas family, remodeling the family home, and purchasing pets" and "would have gone farther [sic] than a handful of photos or greeting cards in impeaching [Jane]'s narrative," we are not persuaded.  The circuit court concluded that trial counsel was not ineffective for not introducing more photos and cards because his evidentiary decisions were based on a reasonable trial strategy—i.e., he believed that he had introduced as many as the court would allow and that the jury was oversaturated.  Dudas' "timeline" argument is merely an "artful[]" rephrasing of this issue. *See **Witkowski***, 163 Wis. 2d at 990.

## VI.  Residence visit

¶44     Dudas' next argument is that trial counsel failed to visit Jane and Dudas' residence and consequently failed to challenge the plausibility of Jane's allegations based on the layout of the main bedroom.  According to Dudas:

> Had trial counsel investigated the layout of the home, then asked questions about the plausibility of [Jane]'s version of events, he would have noted the implausibility of a violent

---

[13] Dudas also argues that appellate counsel was ineffective for failing to challenge the circuit court's decision on this issue.  However, Dudas' second amended motion does not include a claim that appellate counsel was ineffective on this basis; thus, Dudas failed to raise this issue in the circuit court, and it is not properly before us.  *See **Wirth v. Ehly***, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980), *superseded on other grounds by statute*, WIS. STAT. § 895.52.  Regardless, Dudas' claim for ineffective assistance of appellate counsel must be brought in a ***Knight*** petition.

> assault occurring in the [main] bedroom suite with the Dudas children on the other side of the wall. Though the children were in the family room watching a movie, the layout of the home was such that there was an open ceiling up to the second-floor [main] bedroom. There was no testimony that the children heard screaming or a violent attack…. If the violent attacks occurred in the manner in which [Jane] described, it was not plausible that the children watching a movie would not have noticed.

(Footnotes omitted.) The circuit court concluded that this claim was previously litigated because there was testimony on this issue from the children, Jane, and Dudas, and trial counsel also brought up the layout of the residence during closing arguments. On appeal, however, the State agrees with Dudas that the court erred by concluding that this claim was previously litigated.

¶45 We agree that Dudas' claim—that trial counsel was constitutionally ineffective for failing to visit Jane and Dudas' residence prior to the trial—was not previously litigated. Nevertheless, we conclude that this claim is procedurally barred. It is undisputed that neither postconviction nor appellate counsel preserved this claim by raising it previously. However, Dudas did not argue that postconviction or appellate counsel was ineffective on this basis in his second amended motion before the circuit court; he added those claims on appeal. *See A.O. Smith Corp.*, 222 Wis. 2d at 491.

¶46 Even if we were to consider Dudas' ineffective assistance of trial counsel claim, based on the ineffective assistance of postconviction counsel as a sufficient reason for failing to bring the claim earlier, Dudas has not asserted why this claim is "clearly stronger" than the claims that postconviction counsel did present. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4. To the extent Dudas' ineffective assistance claim is based on errors of appellate counsel, those alleged

23

errors occurred in this court and must be brought in a ***Knight*** petition. *See **Meisner***, 392 Wis. 2d 1, ¶36.

## VII. Juror bias

¶47    Finally, Dudas argues that trial counsel was ineffective for not striking a juror who taught Jane and Dudas' daughter's dance class and was friends with Jane. Citing ***State v. Gesch***, 167 Wis. 2d 660, 482 N.W.2d 99 (1992), Dudas asserts that trial counsel erred by failing to strike the juror for cause or by failing to use a peremptory strike because the juror was "objectively biased."

¶48    The headings in Dudas' brief-in-chief suggest that he is raising postconviction counsel's failures on this issue, but Dudas once again admits that "[p]ostconviction counsel raised this claim in postconviction proceedings." The circuit court recognized this fact as well, explaining that "the [original postconviction] court determined [trial counsel] was not ineffective." Accordingly, this issue is barred by ***Witkowski***. *See **Crockett***, 248 Wis. 2d 120, ¶12.

¶49    On appeal, Dudas now asserts that his appellate counsel failed to raise this issue. Dudas argues that this failure was deficient performance because appellate "counsel necessarily understood that the jury may have been swayed in deliberations by the [juror's] personal knowledge of [Jane], her positive attributes, and the woman's positive experiences with [Jane]" and that "[t]he failure to raise this claim could not be strategic."

¶50    We conclude that this issue is not properly before us. Dudas' second amended motion does not claim that appellate counsel was ineffective; thus, Dudas failed to raise this issue in the circuit court. *See **Wirth v. Ehly***, 93 Wis. 2d

433, 443, 287 N.W.2d 140 (1980), *superseded on other grounds by statute*, WIS. STAT. § 895.52.  Further, Dudas' quarrel with appellate counsel for acts occurring in this court is, again, in an improper forum and must be brought in a ***Knight*** petition.

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.